WESTERN DIST.
*September*, 1840.

COX
*vs.*
REES ET AL.

16L 109
47 562

COX *vs.* REES ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE THEREOF PRESIDING.

All persons appealing, and seeking to reverse a judgment, must bring before this court, every party who has an interest in having it sustained.

So, where a rule was taken on the clerk, to compel him to issue an execution in a particular form, and he refuses, no appeal will lie *against him alone*, from a judgment sustaining his course and discharging the rule. The clerk has no interest in sustaining such a judgment.

This case comes up from the decision of the judge *a quo*, on a rule taken by the plaintiff on the clerk of the District Court, requiring him to show cause why he should not issue an *alias fieri facias* against the defendants.

It is shown that a final judgment of the Supreme Court, was rendered in September, 1836, and entered as the judgment of the District Court, in October following, against David Rees, principal, and J. H. Thomas, as surety, for one thousand four hundred and ninety-eight dollars and fourteen cents with ten per cent. interest, from the 16th of June, 1827, until paid; and that a certain tract of land mortgaged by Rees to the plaintiff, be first seized and sold to satisfy the same. Upon this judgment execution issued, and the sheriff returned that the land mentioned, had been sold on a prior mortgage, and that Rees was dead, and his succession in a course of administration as an insolvent one.

The plaintiff's attorney applied for an *alias fieri facias* against the surety; and the clerk refused to issue it, on the ground that the judgment was conditional and that the land mortgaged for the debt, must be *first* discussed and sold. Upon this refusal, the plaintiff took the rule in question. The clerk appeared by counsel, and showed for cause that the judgment against Rees and Thomas required, as a condition precedent, that the tract of land mortgaged to the plaintiff, by Rees, should be *first* seized and sold to satisfy the judgment, which had not been done; and until this was done, he considered it his duty to refuse the execution.

There was judgment on the rule for the clerk; the court considering that he had shown sufficient cause for not issuing the execution. The plaintiff appealed.

*Voorhies,* for the plaintiff, contended that the court below certainly erred, for if this remedy is denied, there is an end to the right. It does seem to me clearly competent to show, that the property required by this court to be first discussed, is no longer susceptible of being so. On showing this, why should not the plaintiff have his recourse against the surety? Otherwise it would be a right without a remedy! Apply to the district judge to have the judgment of this court executed, he of course will refer the party to the clerk, and what will be the consequence? The clerk will forever add the *impossible condition,* and the sheriff, as a matter of course, will always make the same return! Suppose it had been a slave instead of the tract of land, and the slave had died before the execution of the judgment, would it have been contended that the execution could not have been levied on other property?

*Morse,* contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment discharging a rule, taken on the clerk of the District Court, to show cause why he should not issue an *alias* execution against the defendants in this case.

The plaintiff had obtained a final judgment, against the defendants, David Rees and J. H. Thomas, his surety, which ordered that a tract of land belonging to Rees, and was mortgaged, *should be first seized and sold to satisfy the debt* for which judgment was rendered. An execution issued, and the sheriff returned, " that Rees was dead and his estate insolvent, and administered in the Probate Court by his widow, under the benefit of an inventory, against whom no proceedings could be had under the writ of *fi. fa:*" "and that the land ordered to be seized was in the hands of a third possessor, who purchased it at sheriff's sale under a former seizure." On this return

being made by the sheriff, the plaintiff's attorney applied for an *alias fieri facias* in the usual form, without reference to the discussion of the land ordered to be first seized; but the clerk *refused*, on the ground that the judgment required as a condition precedent the *discussion of* said land; whereupon a rule was taken on him, to show cause why the execution should not issue in the manner and form required. The clerk showed cause, and upon the issue thus made the rule was discharged; and the plaintiff has appealed as against the clerk.

We have often said, that whoever applies to us for the reversal of a judgment, must bring before this court all those who have an interest that it be sustained. We cannot pass on the rights of those to whom no opportunity has been afforded to be heard. In the present case, the only appellee is the clerk of the District Court, who has nothing at stake and is without authority to represent those who have an interest to support the judgment. There not being proper parties before this court, the appeal cannot be sustained.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed, with costs.

*WESTERN DIST.*
*September,* 1840.

All persons appealing, and seeking to reverse a judgment, must bring before this court, every party who has an interest in having it sustained.