FRANÇOIS F. DORVILLE, Dative Testamentary Executor of the last will of Alexander Milne, deceased, *v.* THE CITIZENS BANK OF LOUISIANA.

The acts of the 14 and 26 March, 1842, chaps. 98, 157, relative to the liquidation of banks, show the intention of the legislature to have been, that all contests relative to the liabilities of banks put in liquidation, should be cumulated before the court which pronounced the judgment putting them in liquidation. The 24th sect. of the act of 14 March, 1842, assimilates the proceedings in relation to banks in liquidation, except where otherwise provided, to those under the laws relative to the voluntary surrender of property, and thereby establishes a *concurso* in a modified form

APPEAL from a judgment of the Parish Court of New Orleans, *Maurian,* J., sustaining an exception to its jurisdiction, on the ground that the action could not be prosecuted before any other court than that by whose judgment the Bank had been put in liquidation.

*Canon, L. Janin,* and *S. L. Johnson,* for the appellant. The plaintiff, as executor, demanded interest on the deposits of money of the estate of his testator, which the Bank refused to allow him. He brought this suit to establish his right to the same, to be paid in the course of administration. The defendants excepted to the jurisdiction of the court, on the ground that the charter of the Bank had been declared forfeited, and all judicial proceedings ordered to be stayed by a decree of the District Court of the First District. From the decree of the Parish Court sustaining the exception, this appeal is taken.

Proceedings were instituted by the attorney-general, in the

name of the State of Louisiana, before the District Court of the First District, under the act of March 14, 1842, " To provide for the liquidation of banks," which resulted in the decree on which the exception is based. This decree was signed, on the 22d of October, 1842.

The first section of the act cited (p. 234), authorized the attorney-general to present a petition to any court of competent jurisdiction, setting forth the grounds on which the charter should be declared forfeited. The 28th section of the same act (p. 250), limits the effects of these proceedings as to the property banks, in the following words : " That the foregoing provisions relative to the liquidation of banks shall not apply to those banks in which the State is a stockholder, or for which it has issued bonds, or for the debts and obligations for which the State is in any manner responsible ; that said banks shall not be permitted voluntarily to go into liquidation under the provisions of this act ; and if a decree of forfeiture of its charter be rendered against any one of such banks, the *corporation shall not be deemed to be dissolved, but it shall retain all its* corporate powers and privileges, &c."

Section 29 (p. 252), provides for the appointment of managers to the banks against which such a decree of forfeiture may be rendered, " by whom the affairs thereof shall thereafter be conducted in its corporate name," &c. The president and directors of the bank are to deliver up the assets, &c., to these managers, and the managers are " invested with the same powers and duties, and subjected to the same liabilities, penalties and restrictions provided by the respective charters of said banks, so far as is not inconsistent with this act and the act to revive the charters, &c., and the act amending the same. Section 8 (pp. 236, 238) provides that where a decree of forfeiture, in cases of forced liquidation, shall have been rendered, the court shall at the same time order all judicial proceedings against such bank to be stayed, which order shall be published," &c.

There is no other act, or part of an act bearing upon this question. It is by these provisions of the act of March 14, 1842, and by the 9th and 37th sections of the insolvent laws

(B. & C.'s Dig., pp. 488, 494), that the Parish Court considers its general jurisdiction abridged.

Although it may be questioned whether the 28th section does not exclude the 8th section, which provides for a stay of proceedings, as one of the "foregoing provisions," not applicable to the banks for which bonds have been issued by the State, we submit to the stay of proceedings, so far as compulsory process for the purpose of enforcing payment is concerned. But we contend that both the insolvent laws, and the act of 14 March, 1842, allow the liquidation of the claims, where disputed, by a judgment.

The 37th section of the act of February 20, 1817, relative to the voluntary surrender of property, provides "that all the suits which should have been brought anterior to the failure, before several courts, shall be transferred to the one in which the insolvent debtor shall have presented his schedule, and shall be continued against his syndics." The judge below thought that, by analogy, the legislature intended that the same should be done in the case of the banks.

The proceeding of the attorney-general in the District Court is entirely at an end. It has had all the effect which the law gave it. That court does not superintend the liquidation or realization of the assetts of the Bank, nor order the sale of its property, nor call a *concurso* of its creditors to deliberate, or to receive a dividend. If these analogies existed it might seem that the cumulation of suits in that court would be a measure of policy tending to simplify the legal administration and to diminish the costs, and that the legislature had omitted a provision of undoubted utility. But were that the case, it could not justify the judicial legislation of the Parish Court.

*Denis* and *Pitot*, for the defendants.

Bullard, J. The plaintiff represents that, in February, 1842, he deposited in the Citizens Bank $26,009 75, belonging to the estate administered by him, and that, on making the deposit, he declared it to be a deposit on interest. That on the 6th of October, he had the account balanced, and again stated that he desired to leave the deposit on interest, which, according to the charter and by-laws of the Bank, is allowed at the rate of five

per cent on deposits for more than six months, and 3 65-100 per cent for three months. That a decree of forfeiture having been afterwards rendered against said Bank, he was desirous of having his right to claim interest formally acknowledged before the board of directors ceased to act; and that, in November, 1842, he addressed a letter to the board, claiming five per cent interest on the balance of his deposit. That, at that time, the inventory of the assets of the Bank was in progress, and the directors had not ceased to act; while, at the same time, a board of managers had already been appointed in pursuance of the act of 1842, "Providing for the liquidation of banks," and that both boards were then proceeding to the regulation of the affairs of said Bank, in perfect harmony, each according to its appropriate functions. That the board of directors, on the 12th of November, 1842, passed a resolution directing the cashier to apprize the board of managers, that they had granted the petitioner's application to transfer to an interest account, from October 6th, 1842, the sum standing to his credit, as executor, amounting to $24,832 71, and had fixed the rate of interest at 3 65-100 per cent. That on the said day, the managers having been informed of the same, passed a resolution declaring that the subject therein mentioned, was not considered one upon which their action and concurrence could be called for, and they reported it back to the said board of directors, who, thereupon, confirmed their first resolution. He further shows that said deposit has remained in bank since that period, to be withdrawn only when required to be distributed by order of the Court of Probates, and that he is entitled until then to claim the aforesaid interest, and that without said interest, and the certainty of its acknowledgment by the Bank, he would not have been authorized, or willing to leave said sum on deposit. But he shows that he has lately been informed that the Bank, represented by the board of managers, refuses to pay or allow him credit for any interest whatever on said deposit. He, therefore, prays that the Bank be cited, and condemned to pay him, as executor, interest on said deposit from the 6th of October, 1842, until the same shall be withdrawn.

To this petition, the board of managers set up as an excep-

tion, that by a judgment rendered by the District Court of the First District, on the 22d day of October, 1842, the charter of the Citizens Bank was declared to be forfeited ; that, in consequence of said judgment, and in conformity to the provisions of the 8th section of the act to provide for the liquidation of banks, it was ordered by said court, that all proceedings against said Bank be stayed, which order was published according to law.

The court, in our opinion, did not err in sustaining this exception. Not only the 8th section of the act of 1842, relative to the liquidation of banks, authorizes a suspension of judicial proceedings against banks which are put in liquidation in pursuance of its provisions ; but the fact is not disputed, that such an order was given in the proceedings against the Citizens Bank, and it appears to be still in force. The statutes of 1842, relative to the liquidation of banks, appear to us to evince the intention of the legislature, that all contestations relating to the liabilities of the banks put in liquidation, should be cumulated before the court which pronounced the judgment placing them in liquidation. The present case does not appear to us to present an exception to the general rule. It is true the plaintiff does not ask for a judgment condemning the Bank to pay the amount of the deposit, but only interest on it, from the time it was liquidated, until it shall be withdrawn. But this is a question which concerns all the creditors of the Bank, and should more properly be decided by the court under whose authority the managers are proceeding with the administration. The act of 1842, (sec. 24), assimilates the proceedings in relation to banks in liquidation, except where otherwise provided, to those provided by the laws in force relative to the voluntary surrender of property, and thereby establishes a *concurso* in a modified form. Acts of 1842, page 246.

*Judgment affirmed.*