TRESCOTT *v.* LEWIS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DAVID BONE *v.* EDWARD SPARROW, Curator.

By the laws of Pennsylvania and Maryland, if the husband has not, during his life, reduced to possession the choses in action of his wife, they will pass to her representatives.

*By the Court:* In a case similar to this we have held that the laws of Louisiana must control the distribution of the residuary interest of a succession in this State—the right of action for the recovery of the same being immovable from the object to which it applies. Code, 463.

APPEAL from the District Court, Ninth District, Parish of Concordia, *Copley,* J. *Shaw,* for plaintiff. *Walton,* for defendant and appellant.

LEA, J. In 1837 *John Ducker,* then a resident of the State of Mississippi, died, leaving a large estate in the parish of Concordia, consisting of landed property, slaves, plantation stock, farming implements, &c.—the whole property being either immovable in its nature or by destination.

*Ducker,* who was a widower, left one child, a daughter, who on the 12th March, 1840, married *Henry V. Beckley,* in the State of Pennsylvania, where she and her husband continued to reside until the year 1844, when they both removed to the city of Baltimore, where, in the month of August of the same year, *Mrs. Beckley* died. Of the issue of their marriage there survives one child, a daughter, of whom the father became the guardian, by the appointment of the Orphans' Court in Baltimore county—from which guardianship he has, however, for some cause, not stated, been removed, by proceedings had in the Orphans' Court, at the instance of one of his sureties.

Upon the death of *Ducker* in 1837, his succession was opened by the defendant, who was duly appointed curator of the succession and tutor of the minor child of *Ducker,* and who proceeded to administer upon the same. The whole property appears to have been sold in the years 1838 and 1839, and the succession yet remains unliquidated in the hands of the curator.

In December, 1852, *Beckley* made a transfer to the plaintiff in this suit "of all his right, interest, claim, demand and title in and to the personal or movable estate, rights, credits and choses in action of his said wife, of what kind soever, and wherever the same might be situated, in the States of Maryland, Mississippi, Louisiana, or elsewhere." In virtue of this transfer, as above stated, the plaintiff

24

has claimed and obtained a judgment recognizing him as the owner of the re· siduary portion of the succession of said *John Ducker*, deceased, after the same shall have been fully administered. The written opinions of learned counsel have been introduced for the purpose of showing that by the laws of Pennsylvania, where the marriage was contracted, and by those of Maryland, which was the matrimonial domicil at the time of *Mrs. Beckley's* death, marriage operates as a transfer of the whole personal or movable estate of the wife to the husband; and that in Maryland, upon the death of the wife, even the choses in action vest immediately in her husband, who may recover, give or assign the same, without taking out letters of administration.

But the same counsel also certify that in the two States above referred to the property of the wife, of which the husband during his life does not become possessed, or in cases of debts due to the wife for which he does not recover judgment, the representatives of the wife will take, and not those of the husband. In other words, if this be the law of Maryland—and under the evidence we must assume it to be such, whatever the law may be elsewhere—if the husband has not, during his life, reduced to possession the choses in action of his wife, they will pass to her representatives.

Now, it appears that *Beckley* died in August, 1853. This suit was instituted in November, 1854. *Beckley* could transfer to his assignees, under the laws of Maryland, as established by the evidence, no greater right than he himself possessed. His inchoate right in the succession of *Ducker*, tested by the laws of Maryland—to wit, the right to reduce the same to his possession during his life, ceased upon the event of his death, and became revived in favor of the representatives of the wife.

There was no reduction into possession of the property now sued for during the lifetime of either the wife or her husband. The fact that the assignee of the husband is now suing for it we consider conclusive on this point. Neither the husband nor his assignee ever exercised any dominion over the fund now claimed, during the marriage nor since. Some stress is laid upon the fact that in 1844 *Beckley* called on the curator for the purpose· of collecting any moneys coming to his wife from the estate of her father, and to take possession and charge of any property or rights she had here. It is shown that although the curator paid him some money, he did not surrender the estate to his possession or control; on the contrary, the plaintiff distinctly recognizes the fact that the estate is now in process of administration, and has prayed for and obtained a judgment ordering that he be recognized as owner of the *residuary* portion of the succession of the late *John Ducker*, "now in process of administration." We have considered this question with reference to the laws of Pennsylvania and Maryland on this subject, as explained by the testimony of eminent counsel, introduced without objection; but in a case similar, in many respects, to the one now under consideration, we have held that the laws of Louisiana must control the distribution of the residuary interest of a succession under administration in this State—the right of action for the recovery of the same being immovable from the object to which it applies. See Civil Code, 463; also case of *Marcenaro* v. *Mordella*, 10 Ann., 772.

It is ordered that the judgment appealed from be reversed, and that there be judgment for the defendant, with costs in both courts.