| 12 | 801 |
|-----|-----|
| 117 | 375 |

## S. Condon *v.* E. Samory.

A party who appeals from a judgment homologating an account, must make the heirs and creditors who are interested in maintaining it, parties to the appeal.

The Supreme Court will notice the want of proper parties to an appeal, without a motion to dismiss.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *J. B. Cotton* and *H. Griffon*, for opponent and appellant. *J. L. Tissot*, for defendant.

BUCHANAN, J. *Claude Samory*, testamentary executor and one of the heirs of his mother, rendered his account of executorship to the Second District Court of New Orleans, on the 11th of June, 1857, showing the amount of the effects of the succession, a detailed statement of its debts, and the names of the creditors (with the exception of two notes, payable to bearer, of which the holders are not named); and, finally, the distributive share of each of the heirs of the testatrix (including the said executor), in the balance that would remain to the credit of the succession after payment of its debts.

On the 24th of June, 1857, judgment of homologation was rendered in the following terms:

"On motion of counsel for the executor of the deceased, and upon producing to the court due proof of the publications required by law of the filing of the account herein presented by him, and no opposition having been made thereto—

It is ordered, adjudged and decreed, that said account be approved and homologated, and the funds distributed accordingly."

This judgment was signed on the 29th of June, 1857; and on the same day, the appellant, *Stephen Condon*, became the purchaser, at Sheriff's sale, made under execution of a judgment against *Claude Samory*, of all the rights, title and interest, and hereditary share of *Claude Samory*, in the succession of his mother, being three-fourths of her estate.

On the 20th of July, 1857, *Stephen Condon* filed a petition of appeal from the judgment of homologation of the account of executorship abovementioned, alleging himself to be aggrieved thereby, and annexed to his petition, as evidence of his interest in the case, a Sheriff's deed conveying the property adjudicated to him at the Sheriff's sale aforesaid.

The petition of appeal prayed for citation to *Claude Samory*, both in his capacity of testamentary executor and in his individual capacity. An appeal bond was also filed in favor of *Claude Samory* in both those capacities, as obligee.

A motion has been made to dismiss this appeal on various grounds, of which it is only necessary to notice the second, which reads as follows:

"Because appellant has not made proper parties to the appeal."

Apart from the creditors whose claims against the succession are recognized by this account, and who are of course interested in maintaining it, there are the co-heirs of *Claude Samory*, who have the amount of their distributive share fixed by the judgment. It may be assumed, that the appellant can only

CONDON
*v.*
SAMORY.

be aggrieved by this judgment, if the distributive share *Claude Samory* has been fixed by the same, at a less sum than he was justly entitled to. But any increase in that share will necessarily be at the expense of his co-heirs, who have not complained of the judgment. It seems to us that those co-heirs, and also the creditors who were named, and whose credits were recognized, were necessary parties to this appeal, under the well settled practice of this court. *Ferguson & Hull* v. *Creditors*, 29 L. R. 279 ; *Armstrong* v. *Creditors*, 8 An. 367 ; *Matthews, Finlay & Co.* v. *Creditors*, Opinion Book, 25, p. 487 ; *Beer* v. *Creditors*, ante 774.

As the case stands before us, it presents this anomalous feature, that appellant claims in the right of that very party, whom alone he has made appellee; and leaves out of his appeal all those parties who have an interest under the judgment appealed from, adverse to the party whom he, appellant, claims to to represent.

It has been argued, that this motion to dismiss comes too late, having been filed more than three days after the appeal was filed. The cases cited by appellant on this point, are inapplicable. This is something more than a mere irregularity in bringing up the appeal. It has repeatedly been held that the court will notice the want of proper parties even without a motion. *Swearingen* v. *McDaniel*, 12 Rob. 205 ; *Robert* v. *Ride*, 11 An. 410.

It is, therefore, adjudged and decreed, that this appeal be dismissed at costs of appellant.