### A. MILTENBERGER v. J. F. McGUIRE et al.

In a suit brought against the maker of a promissory note, and a commercial firm as endorsers, where judgment by default was made final against the maker, and during the pendency of the suit one of the firm died, and his heirs never having been cited, the case was tried only as to the remaining endorsers, and upon the plaintiff's appealing, the defendants moved to dismiss the appeal because all the parties to the suit had not been made parties to the appeal—*Held :* That as the suit was tried in the absence of the other parties, there could be no objection to an appeal in the same form.

Where a commercial firm, being the holder of certain promissory notes, remitted them before maturity to another firm, to be collected and applied to the extinguishment of a debt existing in favor of the latter firm from the former, and endorsed them in order to render their collection more easy, it being understood that the balance remaining after the payment of the debt was to be paid over to the firm which had remitted the notes—*Held :* That the firm to whom the notes were remitted must be viewed as the agent of the other for the collection of the notes, and that if the notes were protested and suit brought upon them by this firm, the other, which was the original holder of the notes, never having ceased to be owner, cannot be held liable as endorsers.

APPEAL from the District Court of the Parish of Ouachita, *Richardson*, J. *McGuire & Ray*, for plaintiff and appellant. *W. J. Q. Baker*, for defendant.

MERRICK, C. J. This suit was originally brought upon two promissory notes. amounting to $5000, against *J. F. McGuire* as principal, and *John Atkins*, *W. H. Gayle* and *D. B. Trousdale*, composing the commercial firm of *Atkins, Gayle & Co.* Judgment by default was made final against *McGuire*, the maker. *Atkins*

died pending the suit, and his heirs were never cited. The case was tried as to <span style="float:right">MILTENBERGER<br>v.<br>McGUIRE.</span> Gayle and Trousdale, and judgment of nonsuit rendered in their favor,"and plaintiff appeals.

The defendants move to dismiss the appeal, because all the parties to the suit have not been made parties to the appeal.

The motion cannot prevail. The obligation of the maker of the note is not that of an endorser; and the endorsers being commercial co-partners, are bound *in solido,* if bound at all. As the suit was tried in the absence of the other parties, so there can be no objection to the appeal in the same form.

On the merits, we find that *Atkins, Gayle & Co.* were indebted to *A. Miltenberger & Co.* in a sum over $6000; that before the maturity of the notes sued on, they remitted the last mentioned with other notes, amounting in all to $8,638 98, to *A. Miltenberger & Co.,* to be collected and applied to the extinguishment of said indebtedness, and the balance to be paid over to *Atkins, Gayle & Co.* The two notes were not endorsed at the time they were forwarded, and they were subsequently endorsed in order to enable *A. Miltenberger & Co.* to collect the same. They were protested at maturity, and the suit, as already stated, was brought against maker and endorsers.

The only question presented is, whether *Gayle* and *Trousdale* are bound as endorsers. We think it is quite clear, that they are not so bound. Their firm never ceased to be the *owner* of the notes. *Miltenberger* never credited it with any amount on account of the same. and the collection was at the risk of the former. It is thus seen, that *A. Miltenberger & Co.* were agents for the collection of the notes, and only bound to exercise due diligence in their agency. If they failed in the collection, it was the loss of their principal; if they were successful, they accounted for what they received. The suit, then, in the name of *Miltenberger,* is in fact one brought by their own agent, and is inconsistent with the idea of responsibility of *Atkins, Gayle & Co.* by an endorsement.

The defence in this case, is established, which distinguishes the same from the case of *McCarty* v. *Montet,* 6 La. 21. In that case, the note was delivered *in payment* of a preëxisting debt.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, with costs.