PRICE, CONVERSE & SMITH *v.* S. H. KENNEDY & Co.

Sureties on an attachment bond cannot be allowed to gainsay the recitals of their bond, after their liability has been fixed by the judgment and return of execution against their principals.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Singleton & Clack*, for plaintiffs. *Hunt & Denegre*, for defendants and appellants.

BUCHANAN, J. This is a suit against the security on a forthcoming bond given by the defendants in attachment.

The defense to the suit is, that there was no attachment of the property bonded.

In the suit of *Price, Converse & Co.* v. *Merritt, Risley & Co.*, there were two writs of attachment. Under the first, 2047 barrels of flour were seized. They were bonded by plaintiffs, who sold them.

This attachment was dissolved by the District Court, and that judgment affirmed on appeal at the December term 1858. 13 An. 526. The cause was remanded for further proceedings. Prior to the appeal, on a supplemental petition filed, with bond and affidavit, another writ of attachment had issued. (See opinion of this Court in 13th An., page 527.) The return of the Sheriff on this second writ, (dated February 27 1858) was, that he had made general seizures in

the hands of various persons named, including the plaintiffs, " from which seizures <span style="float:right">PRICE, C. & SMITH<br>*v.*<br>KENNEDY & CO.</span> nothing has, as yet, come into the Sheriff's hands." In April, 1858, the plaintiffs were ordered, on motion of defendants, to restore to the Sheriff the proceeds of the 2047 barrels of flour which had been bonded and sold by plaintiffs, as aforesaid ; on the ground that the order to bond the same had been illegally and improvidently granted. They complied with this order, by paying out to the Sheriff said proceeds. Subsequently, on motion of defendants, they were allowed to bond the said proceeds, on furnishing good and solvent surety according to law. Under this order of court, the bond was given upon which the present action is founded. It is the bond of *Merritt, Risley & Co.* as principals, and *Samuel H. Kennedy & Co.* as sureties, in favor of the Sheriff of the parish of Orleans ; and recites that by virtue of a writ of attachment issued out of the Fourth District Court of New Orleans at the suit of *Price, Converse & Smith* v. *Merritt, Risley & Co.*, a sum of money deposited under an order of Court had been seized, taken into custody of the Sheriff and detained according to law ; but the same has been released and the attachment thereon set aside upon the appearance of the defendants in the said suit and delivering to the said Sheriff the present obligation. The condition of the bond is " that the defendants shall satisfy such judgment as may be rendered against them in the suit pending as above mentioned."

This is clearly a forthcoming bond under article 259 of the Code of Practice.

The answer of defendants alleges that the bond has been annulled by the judgment of the Supreme Court, reported in 13th Annual. But this is evidently a mistake. That judgment dissolved the first attachment issued in the cause, but did not affect the second writ of attachment. And the Sheriff's seizure recited in the bond must have been made under the second writ of attachment, which has never been set aside, nor any motion made to that effect.

But it is contended, on behalf of defendants, that this fund was not in the Sheriff's hands as seized under an attachment at all :—that it was a mere deposit by order of Court, and for the benefit of the defendants in the original suit.

This defense does not lie in the mouths of the signers of the bond. They cannot be allowed to gainsay the recitals of their bond, after their liability has been fixed by the judgment and return of execution against their principals. See the cases, lately reported, of *Wright* v. *Oakey, Hawkins & Co.*, and *Mrs. White* v. *Hawkins et al.*

Judgment affirmed, with costs.

LAND, J., absent, concurring.