## WABASH AND ERIE CANAL *vs.* BEERS.

A decree of the Circuit Court adjudging that the defendant pay a certain sum into court within a limited time, or in default thereof the court will appoint a receiver, is a *final* decree, from which an appeal lies.

Appeal from the Circuit Court of the United States for the district of Indiana.

Beers filed his bill in the Circuit Court, averring *inter alia* that the defendants, as trustees of the Wabash and Erie canal, had certain moneys in their hands, arising from the sales of land and from tolls on the canal; that he, the complainant, had a lien on the proceeds of the land and upon the tolls, of which lien the defendants had notice, but refused to satisfy it. The bill prayed a decree that the defendants pay to the plaintiff the amount so due to him on a day to be named by the court, and that, in default of such payment, the canal be put into the hands of a receiver. The Circuit Court found the facts to be as alleged in the bill, ascertained the amount due the plaintiffs to be $3,755 60, and therefore ordered, adjudged, and decreed that the defendants pay into the clerk's office, on or before November 1, the sum found due; "or, in default thereof, the court will, at the next term of this court, on motion of the complainant, appoint a receiver to take possession of said canal, or some portion thereof, for such time and on such terms as shall be according to the rules of this court, and just and equitable to the parties."

*Mr. Gillet,* for the appellees, moved to dismiss the appeal, and submitted that this was not a final decree, from which an appeal would lie to this court. He cited the Judiciary Act of 1789, sec. 22; *Wells* vs. *Hoag,* (7 Paige, 18;) *Beebe* vs. *Russell,* (19 How., 283;) *Haskel* vs. *Roul,* (1 McCord Ch. Rep., 32;) and argued that the cases of *Fagoy* vs. *Conrad,* (6 H., 201,) *Perkins* vs. *Fonnquet,* (ib., 206,) *Pullem* vs. *Christian,* (ib., 209,) are not opposed to this view.

*Mr. Usher,* for the appellees, opposed the motion, and in-

*United States vs. Babbit.*

sisted that the decree was final. It is a simple adjudication of the question raised upon the bill, answer, and replication, and it is none the less a final decree because it is coupled with a threat of the court to appoint a receiver in case the defendants shall disobey it. He cited *Harney* vs. *Bronson*, (1 Leigh, 108;) *Shepherd* vs. *Starke*, (3 Mumford, 29;) *Cook* vs. *Berry*, (4 How., Miss., 503;) *Larne* vs. *Larne*, (2 Little, 261;) Hynds' Ch., 429; 2 Madd., 243; Newland, 49; 3 Dan. Ch. Prac., 1949.

Mr. Chief Justice TANEY. This decree is final. It is decisive of the case made upon the record. It is positive, and not alternative. It leaves no question of right between the parties open for future adjudication. The decree orders the money to be brought into court within a limited time, and the court warns the defendants that if they fail or make default a particular measure will be taken to compel obedience. There is no want of finality here.

*The motion is denied.*