## SUCCESSION OF THOMAS PENNISTON.

This Court has repeatedly held that the notification of the filing of a tableau operates as a citation to all persons concerned therein, creditors, legatees and others.

It is a legal requirement, that all parties interested that judgments should remain undisturbed must be made parties to appeals, or they will be dismissed.

And this Court will notice ex officio, and even without a motion to dismiss, the want of proper parties for a final decree.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *Roselius & Philips*, for plaintiff. *C. Dufour*, for defendant. *Chas. E. Schmidt*, for Widow Penniston.

ILSLEY, J. The widow of the late Thomas Penniston, and the executor of the last will and testament, move to dismiss the appeal taken by Joseph A. Penniston from the judgment rendered on the opposition to the first provisional account, by which the claims of the widow for the sums of $750 and $2,000 were recognized and maintained, because the appellant has failed to make proper parties to the appeal, the executor alone having been cited to answer the appeal in accordance with the prayer of the appellant, who furnished an appeal bond only in favor of the said executor.

The motion is resisted by the appellant, on the ground that the widow was no party to the record, and that the executor represents her as well as all other parties, creditors, legatees and heirs.

This Court has repeatedly held that the notification of the filing of a

tableau operates as a citation to all persons concerned therein, creditors, legatees and others.   *Succession of Peytavin,* 10 Rob. 118; *Smith* v. *Delalande,* 1 Rob. 385; *Cowen* v. *Millaudon,* 3 An. 364; *Succession of Egana,* not yet reported.   And therefore the widow was a party to the tableau, and so far as her claims were acted upon, solely interested therein.

It is a legal requirement, that all parties interested that judgments should remain undisturbed must be made parties to appeals, or they will be dismissed.   11 An. 674; 14 An. 315; 8 An. 367; 9 Rob. 365; 12 Rob. 180, 203.   And this Court will notice ex officio, and even without a motion to dismiss the want of proper parties for a final decree.

We think that the widow of the deceased, Thomas Penniston, should have been cited as appellee in this case.

It is therefore ordered, adjudged and decreed that the appeal in this case be dismissed, at the costs of the appellant.