### No. 6569.

### Mrs. S. A. Conrad and Husband vs. G. LeBlanc, Sheriff, et al.

|  |  |
|---|---|
| 29 | 123 |
| 46 | 1385 |
| 29 | 123 |
| 47 | 562 |
| 29 | 123 |
| 49 | 229 |
| 29 | 123 |
| 50 | 1354 |
| 29 | 123 |
| 123 | 242 |

Where a wife is authorized by the judge, under the act of 1855 (R. S. sections 2433 and 2434), to mortgage her separate property for a certain sum, and for a certain purpose, and she thereupon executes the mortgage for a different sum, and for a purpose in addition to the one recited in the authorization, whoever endeavors to enforce the mortgage must prove *aliunde*, that the debt secured by the mortgage inured to the separate benefit of the wife.

The holder of a negotiable note of a married woman, who has taken it for value, and before maturity, is yet liable to have pleaded against him every defense arising out of the wife's incapacity.

APPEAL from the Fifth Judicial District Court; parish of East Baton Rouge. *Dewing, J.*

E. W. *Robertson* and *Barrow & Pope*, for plaintiffs and appellees.

C. D. *Favrot* and J. & G. W. *Burgess*, for defendants.

The opinion of the court was delivered by

Egan, J. This litigation was commenced by executory process by H. P. Kernochan claiming to be the holder before maturity of two negotiable promissory notes of Mrs. S. A. Conrad, wife of Dr. Marshall Pope, secured by mortgage executed by her, with the assistance of her husband, before the parish recorder on the tenth of February, 1873, as is alleged by Kernochan, in accordance with an authorization of the judge of the district court, given under the statute in regard to mortgages of married women, on the eighth of February, 1873. This proceeding was enjoined upon various grounds, most of which it is unnecessary to notice,

as the plaintiff, by his answer to the petition for injunction, changed his proceeding from *via executiva* to *via ordinaria*. The two cases are therefore, in legal effect, but one, as it is immaterial whether the injunction against executory proceedings is sued out by way of opposition under the Code of Practice or by independent petition. The practice seems to be in such cases to consider the petition for injunction as an answer to the original suit when thus converted into an ordinary one. 4 La. 90 ; 16 La. 109. This disposes of Kernochan's bill of exceptions to the ruling of the court below which treated him as plaintiff in the introduction of evidence on the trial. First, as to the position of Kernochan as indorsee before maturity of the notes sued on. In Sprigg vs. Bossier, 5 N. S. 56, it was held that when the objection arises *from the incapacity* of a party to enter into the contract evidenced by promissory note, that which had no binding effect when made can not acquire it by indorsement. In Degallon vs. Mathews, 5 An. 465, the court reaffirms this doctrine in these words : " When the objection arises from the *incapacity* of the party, as that she was a married woman, the indorsement of a negotiable note gives no additional effect to the obligation." And the fact that its face showed that it was given by a married woman is *sufficient notice* to any one to put him upon inquiry *if the consideration inured to her benefit before* discounting it." The distinction taken is well stated by Judge Porter in Sprigg vs. Bossier to be between mere inquiry as to the *consideration* and that affecting the *incapacity* of the party to contract. In both the cases cited the note was in the hands of an indorsee, who, under the ordinary rules applicable to commercial paper, would have been held an innocent holder for value before maturity, but the court held that it was not proven that the debt inured to the benefit of the wife, and the plaintiff could not recover. The case of Davidson vs. Stuart, 10 La., is to the same effect. In the 5 An. case before cited the court says : "Where the consideration of a note given by a married woman is not shown to have been employed for her own separate use, *for something which the husband was not bound to furnish*, she ought not to be held." In Barnes vs. Burbridge, 15 An. 628, a married woman was held not concluded even by a confession of judgment. In Médart vs. Fasnatch, 15 An. 621, where judgment had gone against husband and wife jointly, it was successfully enjoined by her on the ground that the notes sued on were given in fraud of the law and were void as to her, she being sued for her husband, although the defense was not made in the original suit. In Theriot vs. Voorhies, 12 An. 853, it was held to be " the uniform practice of the court to look through all the disguises in which were shown their business dealings, and to protect the wife and her property." So in Bisland vs. Provosty, 14 An. 172. In Erwin vs. McCallop, 5 An. 173, the wife gave her note and mortgage, in which she acknowledged the debt was for her separate use and benefit.

Mrs. S. A. Conrad and Husband vs. LeBlanc, Sheriff.

There was no other proof in the case, and the court held this insufficient to charge her, and that the burden of proof to make her liable was in the plaintiff. See, also, 14 An. 700 ; 22 An. 457 ; 23 An. 196 ; 24 An. 89. The courts have been uniform in not holding the wife liable without proof that the consideration inured to her separate benefit, no matter what the form of the contract or who the holder in the absence of the statutory authorization by the judge,' originating with the act of 1855, the provisions of which are continued in the Revised Statutes and Revised Civil Code of 1870. Unless, therefore, there has been a compliance in the case at bar with these provisions, the plaintiff, Kernochan, can not recover against the wife, defendant. To this inquiry, therefore, we address ourselves specially, reserving any expression of opinion as to the effect of the statute when complied with. In Stapleton's case, 24 An. 89, it was held that the authorization *must precede* the contract or the giving of the mortgage, otherwise the ordinary rule prevails, and the authorization does not make proof that the consideration inured to the wife's benefit, nor dispense the creditor or person seeking to enforce it from making such proof *aliunde*. In the case at bar the authorization, it is true, was given on the eighth of February, 1873, and the notes and mortgage on the tenth, two days after, but the inquiry remains, were they given in pursuance of the authorization ? The authorization is to contract a loan or debt of six thousand five hundred dollars, and to mortgage her real estate, situated in this parish, or such part thereof as may be necessary, in order to secure said debt, which is to be contracted for the purpose of borrowing money and obtaining supplies to carry on her farming interest in this parish *for the present year.*" In the act of mortgage the notes secured by it amount to $6439 60, and are declared to be given for *past indebtedness* and for advances to be made during the coming season. It is evident, then, that so far as the past indebtedness is concerned, the contract *preceded* the authorization, and is not covered or protected by it because not contracted in pursuance of it (see, again, 24 An. 89). It is further evident that no such authorization was given by the judge as that recited in the act, and as even if some part of the consideration for the notes and mortgage were such as authorized by the judge, the parties have so intermingled it with others, or, as it is called, "past indebtedness," that the amount of each is not distinguishable from the notes and mortgage above, and that this proof must be sought *aliunde*. In other words, the whole notes and the whole mortgage stand affected by this uncertainty, and do not of themselves make that "full proof" against the wife which is spoken of in the statute. The plaintiff seems to have thought otherwise, and has not furnished that evidence *aliunde* necessary to charge the wife. The admission in the act of mortgage is insufficient. See 7 N. S. 341 ; 8 N. S. 692: The view of this case which we have taken

makes it unnecessary to pass upon the question of homestead, though, to avoid misapprehension in this case, we are not prepared to say that under some circumstances even a married woman may not claim its benefits. As the plaintiff, Kernochan, may be able to supply evidence which he has not furnished in this record sufficient to satisfy us of his right to recover against the defendant, Mrs. Pope, we are unwilling to conclude him by our judgment.

It is therefore ordered, adjudged, and decreed that the judgment of the court below be annulled, avoided, and reversed, and the cause remanded to the court below to be there proceeded with according to law and the opinion. It is further ordered that the seizure, if still existing, be released, and that Kernochan pay the costs of the same and of appeal, the other costs in the case to await judgment.