HUNDLEY *et al.*, *Appellants*, v. FILBERT.

**Estoppel**: DELIVERY BOND FOR GOODS TAKEN IN EXECUTION. The obligors in a delivery bond, which recites a levy of execution, are estopped in an action on the bond from pleading that there was no levy.

*Appeal from Gentry Circuit Court.*—HON. S. A. RICHARDSON, Judge.

REVERSED.

*G. W. Lewis* and *Pike & Pike* for appellants.

*B. F. Lucas* for respondents.

HENRY, J.—Hundley, Judd & Smith had an execution issued on a judgment in their favor against Charles and George Filbert, and placed in the hands of the sheriff of Gentry county, and on the 22nd day of March, 1877, the defendants in this proceeding executed and delivered to said Hundley, Judd & Smith a delivery bond, reciting a levy of said execution on goods, wares, etc., of the value of $1,200, the property of said Filberts, and obligating themselves that said Filberts should deliver all of said property to the sheriff, at Albany, in the county of Gentry, on the 10th day of August, 1877. On the 29th day of October, 1877, the return day of said execution, the plaintiffs filed a motion in the circuit court of said county for judg-ment against the defendants on said bond, the goods therein mentioned not having been delivered in compliance with the condition of the bond, and the execution having been returned unsatisfied. There was judgment for defendants on the motion, from which plaintiffs have appealed.

The defense relied upon by the sureties in the bond was, that the sheriff had not made a levy on the goods by an actual seizure. It is not necessary to determine whether, on the facts, there was, or was not, such a levy as is contemplated by the statute, since defendants are estopped

from denying that there was such a levy. *Jewett v. Torrey*, 11 Mass. 219; *Lyman v. Lyman*, 11 Mass. 317; *Price v. Kennedy*, 16 La. Ann. 78; *Inman v. Strattan*, 4 Bush 447; *McMillan v. Dana*, 18 Cal. 347; *Roebuck v. Thornton*, 19 Ga. 151; *Mead v. Figh*, 4 Ala. 279; Drake on Attachment, § 339. The judgment is reversed and the cause remanded. All concur.