No. 91.

D. R. CARROLL *v.* DAVID WALLACE—G. W. SENTELL, Garnishee.

1. Where upon trial of a rule to take interrogatories *pro confessis*, evidence is tendered and received, without objection, touching all the issues presented by the answer of the garnishee, the proceeding will be considered as a traverse, involving the merits of the controversy.
2. Where a rule to take interrogatories *pro confessis* is dismissed, the decree is interlocutory, not appealable.
3. *Aliter*, where the judgment of the court is either for or against the garnishee, after trial upon traverse, involving the merits of the issues presented by the garnishee.
4. As a general rule, a cause appealable in favor of one of the parties thereto is appealable in favor of his adversary.

*Appeal from the Third District Court. Monroe, J.*

*F. R. King* for appellant.

*A. Goldthwaite* and *Hudson & Fearn* for appellee.

ON MOTION TO DISMISS.

McGLOIN, J.—Plaintiff instituted his suit by attachment against defendant, and made G. W. Sentell garnishee, propounding the usual interrogatories. These were answered, and plaintiff moved to have them taken *pro confessis*, declaring that he was entitled to such a judgment upon the face of the answers. The parties seem to have drifted, upon the trial, into a general contest involving the truth of the statements set up in said answers. There was judgment dismissing the rule, and plaintiff has appealed.

As the rule was presented, it did not, as to plaintiff, involve the whole of the matters in controversy. The court was asked to condemn garnishee upon the face of the papers; and his rule being dismissed by reason of the sufficiency of the answers, he might by the timely filing of a traverse, put at issue, regularly, the verity of the facts declared, and the judgment upon such a traverse would have been a final disposition of the controversy between plaintiff and the garnishee, and an

appeal therefrom would have brought up for review the order upon the first rule as well as all other interlocutory decrees touching upon the rights of the garnishee. Under such an aspect, the judgment in question would not be final but interlocutory; nor would it work any irreparable injury. Such seems to have been the features presented in Kratler *v.* U. S. Bank, 11 R. 160, and we believe that cause was justly determined.

But it is competent for litigants to go beyond the issues presented in the pleadings and change the character of the demand, provided it be done with the assent of all parties, expressed or implied. This assent is implied by the reception of evidence, without objection, going beyond or varying the pleadings. In this instance such a change seems to have been made, and the rule was treated in all respects as a traverse. Under such circumstances the judgment was conclusive, leaving plaintiff no other remedy or proceeding in the lower court.

Appellees cite State *ex rel. v.* Judge, 23 La. An. 213, in which it is dogmatically propounded that a garnishee, condemned upon trial of a traverse to satisfy the writ, in face of the declarations of his answer that he did not owe defendant, had no right to an appeal therefrom. It is urged that if no appeal would lie in such a case in favor of one party, it should equally be denied to the other. This last proposition is, we believe, correct, as is its converse, that, in general, where one party is entitled to an appeal the same right is open to his adversary. But we cannot reconcile ourselves to following the case in 23 La. An. 213 as a precedent. In the first place, under such circumstances, as to the parties in interest, such a judgment is *final* and not *interlocutory.* To hold otherwise would be to confound the controversy between the plaintiff and the garnishee with that between plaintiff and defendant. Where the garnishee holds assets belonging to the latter in value or amount sufficient to pay the claim, and so answers, he disclaims personal interest in the premises, and can make no complaint whatever against the lawful orders of a competent court dis-

posing of the property or money of defendant. But where he denies such indebtedness, he has a separate personal interest in resisting a judgment which might condemn him to pay what he did not owe; and upon this controversy he is entitled to trial and determination. It is for these reasons that the Code of Practice makes him a party to the suit and provides for his due citation, delay for answer, etc. In cases with more defendants than one, it often happens, by reason of the failure of some to answer or other causes, that judgments are rendered against different ones at different times, which become final as to the persons interested, although the controversy remains still open as to the others. This does not render the decrees first given interlocutory, or delay the right of appeal therefrom, until the litigation be entirely closed in the court of the first instance. As to such parties, in the cases supposed and as to garnishees, each judgment determining finally the controversy as to those interested, is susceptible, when ripe, of supporting the plea of *res judicata.* C. P. 539.

Nor do we see in what respect such a decree falls short of working an irreparable injury. To be condemned and forced to pay a sum of money not due, can surely not work one character of injury to a garnishee and another to a defendant.

For these reasons, it is ordered that the motion to dismiss the appeal herein be refused, at the cost of appellee.