## No. 75.

### MR. AND MRS. JOSEPH AZEMARD *v.* SUCCESSION OF JULES CAMPO. .

1. It is incumbent upon a party appearing in a fiduciary capacity as appellant to prove his alleged fiduciary capacity in the lower court when he moved for an appeal.
2. Where it is made to appear to this Court that the record is not complete, and the certificate of the clerk untrue, a *certiorari* will issue to the lower court for a statement as to what witnesses were examined, and what testimony was offered on the trial, and upon the return to said writ, if it appears that all the evidence, pleadings and facts upon which the District Judge decided the case have not been sent to this Court, the appeal will be dismissed.

*Appeal from the Second District Court.   Tissot, Judge.*

*Guy Duplantier* for the motion.

*A. J. Villeré* contra.

#### ON MOTION TO DISMISS.

McGLOIN, J.—We are asked to dismiss this appeal.

First—Because there is no evidence in the transcript or record of appeal herein filed to show that Henry B. Campo, who claims the right to make this appeal as the administrator of the succession of the late Jules Campo, was ever appointed to the fiduciary trust, and has the right or capacity either in law or in fact to appeal this case on behalf of said succession.

Second—Because it was incumbent upon the said Henry B. Campo to prove his alleged fiduciary capacity in the lower court when he moved for his appeal, and hence he cannot now be allowed to show his right to a standing in judgment before this Court for the succession of which he claims to be the administrator.

Third—Because the documentary evidence produced by the plaintiffs, as well as the testimony of the two witnesses, Laurent Auguste and Joseph Decondreau, who testified on

Azemard vs. Succession of Campo.

behalf of the said plaintiffs in the lower court on the trial of the cause, are not contained in the transcript or record of appeal herein filed by appellant.

Fourth—Because this Court cannot revise this case without all the evidence upon which the judge of the lower court predicated his judgment from which the appeal has been taken.

There is no evidence in the record that Henry B. Campo was ever administrator of the succession of Campo. It appears that the widow, Jules Campo, was administratrix, against whom the present judgment was rendered. There is no evidence that this person has ever been superseded.

Evidence of his authority should have been furnished in the lower court when the application for an appeal was made, and should appear in the transcript of appeal. 2 An. 902, 879; 6 An. 529; 10 An. 703.

The law contemplates three modes of bringing up an appeal on the facts: 1st, by a record of the evidence taken down by the clerk when the case is tried before the lower court; 2d, by a statement agreed upon by the parties; 3d, by a statement of facts to be made by the judge, C. P. 601, 602, 603, and as to the law, by bill of exception or assignment of errors on the face of the papers.

In the return to the *certiorari* herein issued, it appears that on the trial of the case in the lower court two witnesses, Laurent Auguste and Joseph Decondreau, testified in open court that their testimony was not reduced to writing; that certain documentary evidence was offered in evidence. None of this appears in the transcript; there is no statement agreed upon the parties—no statement of facts prepared by the judge.

We cannot pass upon the merits of a cause unless we have before us the evidence, pleadings and facts upon which the District Judge predicated his judgment. Laura Grivot vs. Rufus Waples, and Schneider vs. Kennair, recently decided by us.

Appeal dismissed.