## No. 82.

### J. P. BECKER *v.* FRED. H. QUICK AND H. H. AHRENS.

1. It is the duty of an appellant to furnish a full, complete, and correct transcript or record, with due and proper certificates.
2. Where, through inadvertence, not amounting to gross negligence, the record is incomplete, upon application at the time of argument, or before, the court may, under provisions of C. P. article 898, allow time to remedy the defect.
3. If the record be defective through the fault of appellant, and he makes no timely effort to perfect it, the appeal will be dismissed.

*Appeal from the Sixth District Court. Rightor, Judge.*

*W. E. Murphy* for plaintiff, appellee.
*Simeon Belden* for defendant, appellant.

McGLOIN, J.—This case came up regularly for trial in this Court. Upon the day fixed, counsel for appellee, in open court, moved to dismiss the appeal, upon the grounds that the record

contained no bill of exceptions or statement of facts, and that all the evidence adduced below is not therein; and that it does not contain the detailed list of the pleadings as required by rule No. 5 of the rules of this Court. Defendants were not represented before the lower court at the trial, and there is no bill of exceptions of any kind in the record, nor is there any statement of facts or assignment of errors. As this case involves more than five hundred dollars, and is subject to review upon the facts as well as the law, the absence of such bill of exception, or assignment of errors, might not affect the case were all the evidence submitted below brought up for our examination. The note of evidence, however, shows that there were records and documents offered and filed in evidence, which we fail to find now in the record. The certificate of the clerk does not declare that these records and documents are lost, missing, nor give any other reason for their not being produced. These pieces of evidence are material, and we do not consider that we have the right or facilities for reviewing the decree in the case, when the evidence which influenced the judge *a quo* is not before us.

The question is whether the appeal should be dismissed, or the cause proceeded with as the record stands, or remanded to supply the missing evidence. In the case of Laura Grivot *v.* Rufus Waples, No 38, on the docket of this Court, lately decided, we dismissed an appeal *ex propria motu*, for a material diminution of the record, and we see no reason why similar treatment should not be meted out to the appellant in this cause. To the authoritis cited in that case, in support of the conclusion reached, may be added: Prudhomme *v.* Murphy, 5 Martin, N. S. 90; DeBlieux *v.* Case, 7 Martin, N. S. 260; Bell *v.* Bell, 4 La. 471; Allain *v.* Preston, 5 La. 479; Boler *v.* Day, 16 La. 252; Roberts *v.* Benton, 1 R. 100; Dorsey *v.* Harding, 1 R. 132; Allen *v.* Arnoul, 18 La. 437; Clark *v.* Lardlaw, 4 R. 380; Thayer *v.* Littlefield, 5 R. 152; Adams *v.* Routh, 8 La. An. 121; State *v.* Tucker, 7 La. An. 551; Hall *v.* Beggs, 17 La. An. 130; Radovich *v.* Frigerio, 27 La.

An. 68. These authorities we consider as far outweighing the few that exist to the contrary. Childress *v.* Allen, 10 La. 500; Desommes *v.* Desommes, 17 La. 115; New Orleans *v.* Jeter, 10 A. 767; Succession of Sheehan, 18 La. An. 278; City *v.* LaCroix, 18 La. An. 146; Choppin *v.* Wilson, 27 La. An. 444; Succession of Woods, 30 La. An. 1002. We consider the law, as settled by a majority of the authorities, and the most reasonable ones to be, that it is the duty of appellant to furnish a full, complete, and correct transcript or record, with due and proper certificates; that if, by inadvertence even of the appellant, not amounting to gross negligence, the record is incomplete, under Art. 898 C. P., upon his application at the time of argument or before, the court may allow time to remedy the error; but if the record be defective through the fault of appellant, and he makes no timely effort to perfect it, the appeal must be dismissed. Such is the disposition that we feel compelled to make of this cause.

It is, therefore, ordered that the appeal herein be dismissed at the cost of appellant.