## No. 146.

### AUGUST BERNHEIM & BAUER *v.* W. B. SORSBY
### LONDON LIVERPOOL AND GLOBE INSURANCE
### CO., GARNISHEE.

Only those who have an interest in maintaining undisturbed the judgment appealed from, need be impleaded before the appellate court.

Judgment condemning garnishee is final, and is one from which appeal may be taken.

Debtor is not a necessary party on appeal, where judgment has been rendered against him, and only parties disputing are garnishee and creditor.

Garnishee has no concern whatsoever with the merits of the controversy between plaintiff and actual defendant.

Garnishee is restricted to questions in which he individually is concerned and cannot use defenses and issues which belong to original debtor.

Courts cannot grant relief not prayed for except by consent, express or implied.

*Braughn Buck & Dinkelspiel*, attorneys.

*E. W. Huntington, Henry Chiapella*, attorneys.

### ON MOTION TO DISMISS.

His Honor Judge Frank McGloin delivered the opinion and decree of the court in the words and figures following, to wit;

Plaintiff sued defendant, a non resident, and issued an attachment, serving interrogatories in garnishment upon the London Liverpool and Globe Insurance Company. Judgment was duly rendered against defendant, through a curator, and from that decree there is no appeal. Garnishee to interrogatories responded, in substance, that defendant had been insured with it and had met a loss; but that the amount thereof was not yet adjusted, and that the said sum was already seized in other suits pending in the Civil District Court. Later, garnishee presented a supplemental answer, declaring that the policy in question had been assigned to a third person previous to issuance of this attachment.

Plaintiffs move to have garnishee, under its answer condemned to satisfy its judgment against defendant. On trial of this rule, there was judgment condemning the Insurance

Company to liquidate the claim due by it under the policy within 7 days and deposit the amount thus ascertained to be the loss, in the hands of the Civil Sheriff. The judgment further condemned the garnishee to satisfy the demand of plaintiff against defendant in event of its failure to deposit as demanded. From this decree the Insurance Company appealed.

Plaintiff moves to dismiss the appeal because the defendant and the curator *ad hoc* are not made parties, there being an order taxing the fee of the latter; because the judgment is interlocutory and not final; and because there is no assignment of errors.

## I

The law does not arbitrarily require every person who is impleaded in a cause to be made parties to an appeal. The rule is that only those who have interest in maintaining undisturbed the judgment appealed from, need be impleaded before the appellate court. Elder vs. Rogers, 11 La. 606; Gordon vs. Dreux, 6 Rob. 399; Baruer vs. Gordon, 16 La. Ann. 324; Lane vs. Roselius, 22 La. Ann. 267; Cox vs. Rees, 16 La. 109; Garcial vs. Creditors, 3 Rob. 436; Dugan vs. De Lezardi, 5 Rob. 224; Oliver vs. Williams, 12 Rob. La. 180; Swearinger vs. McDaniel, 12 Rob. La. 203; Armstrong vs. Creditors, 8 La. Ann. 367; Joy vs. Lusk, 11 La. Ann. 186; Simmons vs. Creditors, 12 La. Ann. 755; Cummins vs. Husband, 14 La. Ann. 315; Bellevill Iron Works vs. Creditors, 16 La. Ann. 78; Succession of Penniston, 18 La. Ann. 281; Bervery vs. Bird, 21 La. Ann. 209.

We have no means of ascertaining on which side of this special controversy, the wishes, or interest of the defendant Sorsey may lie. It is reasonable to infer however that he would be opposed to having this fund, if it belongs to him, taken from his control, where if he be the owner, it is supposed to be, and placed in that of the court. In all events we think that, to entitle a party to notice of an appeal, it must be apparent that he has such an interest in the question at issue, as is by law required, in order for his being impleaded. The

plaintiff, did not consider it necessary to make defendant party to their rule against appellant. In fact, the proceedings against garnishees are in their nature and by usage different from those against the debtor. After a defendant is condemned he has no right or interest that the law recognizes in withholding his property from lawful execution; and if the garnishee disclaims holding assets belonging to him, the question, in that aspect is one between such garnishee and the seizing creditor. The issue of title, as between defendant and the garnishee, so as to result in a judgment in favor of the latter, cannot come up in such a collateral and summary manner nor is the debtor bound by the result of `his creditor's proceedings to apply the disputed property to the satisfaction of his writ.

So far as the curator *ad hoc* is concerned, the order taxing his fee, does not give him an interest in the controversy between the creditor and the garnishee. If, as the beneficiary of one portion of the taxed charges he is to be made party to the appeal, then sheriff, clerks of court, auditors, experts, and in some cases, perhaps unpaid witnesses would be entitled to a similar notice, if at any prior stage of the case, costs had become due to them.

We consider the judgment appealed from as final and that the garnishee may appeal. It determines the fact of the garnishee's indebtedness to the debtor, and of its owing an adjustment within 7 days. It also condemns it to satisfy plaintiff's claim, if it does not comply with the order to adjust and deposit. Carroll vs. Wallace, 1 McGloin 9, see also Wabash and Erie Canal vs. Beers, 1 Black 54. We are not asked to dismiss the appeal because it is taken from a confessed judgment, we have therefore no right to determine, under the issues presented, whether the Insurance Co. has confessed— This reference approves P. Rielley Deputy Clerk—or whether for other reasons it was rightfully condemned. We examined the judgment and ascertained that it is final; and if it is such the law accords the right to the party affected to have it reviewed.

This case involved more than $500.00, and therefore comes up to the court on the facts as well as the law, the certificate is in due form, showing that all the evidence, with the two copies of the proceedings, etc., have been sent up. There is indeed no complaint that the record is not complete. In such a case, an assignment of errors is not necessary, either under the law, or under the rules of this court. State vs. Gissen, 15 La. Ann. 420; Toisier vs. Darradirre, 18 La. Ann. 261; Warfield vs. Hamlet, 28 La. Ann. 814; Azemard vs. Camps, 1 McGloin 65; Sewel vs. Jacobs, 1 McGloin 134; Becker vs. Quick, and Aherns, 1 McGloin 112. The motion to dismiss is therefore denied.

His Honor Judge Frank McGloin delivered the opinion and decree of the court in the words and figures following, to wit;

We are asked in this case to reverse our ruling upon the motion to dismiss and now dismiss the appeal herein *ex officio* for want of proper parties. In coming to the conclusion arrived at, upon that feature of the case, we followed the only precedent we found in the reports of this state, touching directly upon the questions involved, Elder vs. Rogers, 11 La. Ann. 606. Our attention has since been called to the opinion in Katz & Varnett vs. W. B. Sorbsey, No. 8347 of the Honorable Supreme Court of this state, lately decided. We have carefully considered the opinion last referred to; but after mature deliberation, have determined to follow Wilder vs. Rovers, as determining the practice of this court.

The case of Cossley vs. Snow, 3 La. Ann. 623, is not in our judgment a precedent for this. There, defendant appealed from a decree against the garnishee; and of course that garnishee having been a necessary party of the judgment below, was equally necessary to the proceedings whereby it was to be maintained, or disturbed, in the appellate court. The garnishee having abstained from an appeal, it was fair to presume that he was satisfied and desired the finding to remain undisturbed.

Nor do we consider Robinson vs. Miller, 14 La. Ann. 219, applicable. There is a marked distinction between the judgment against the defendant in the original proceedings, or suit,

and that against the garnishee, see Carroll vs. Peters, 1 Mc-
Gloin 9; Robinson vs. Miller holds the latter a necessary party
to the appeal from the decree in the main suit, whereby the
amount of the creditor's claim against the debtor is liquidated.
The case of Condon vs. Samory, 12 La. Ann. 801, to which it
refers does not propound such a doctrine, nor have we been
able to draw any other beyond Robinson vs. Miller, which
does. On the contrary, we believe it will be well settled that
with the merits of the controversy between the plaintiff and
actual defendant the garnishee has no concern whatsoever,
Hannas Syndic vs. Lauring, 10 Mart. La. 569; Knusball vs.
Plant et al, 14 La. 514; Brodie vs. Fireman's Insurance Co., 8
Rob. La. 244; Featherston vs. Compton, 3 La. Ann. 380; Feath-
erston vs. Compton, 8 La. Ann. 286; Cambell vs. Meyers, 16
La. Ann. 362. We declared in our opinion, on the motion to
dismiss, that the original debtor, was not a necessary, or a
useful party to proceedings against the garnishee. As to the
existence vel non of the debtor that can not be inquired into
in the proceedings under garnishment for he against whom it
is directed cannot be held to pay, until the question of indebt-
edness, of the original debtor, be judicially determined, con-
tradictorily with him. It has been held that, after receiving
notice of seizure, unless the defendant himself contest the
validity of the seizure, the garnishee is protected. Featherston
vs. Compton, 3 La. Ann. 381. Where there was a valid judg-
ment and writ and the condemned debtor himself does not
complain, or oppose, and the question as in this case, is ex-
clusively whether the garnishee has rendered himself liable
under his answers, for the debt of another which is already
judicially and irrevocably established, we fail to perceive,
where, in such a controversy, the interest of the proper de-
fendant lies. Particularly is this the case, when we recall the
jurisprudence which restricts him who is simply a garnishee to
questions in which he individually is concerned, and denies to
him defenses and issues which belong to the original debtor.
Indeed the absence of legal right in a debtor, already judicially
condemned, to contend with his lawful creditors over the legal

distribution of his assets, is recognized in Code of Practice Art. 401. Under its provisions, such debtor is not entitled to notice of a controversy by third opposition, between privileged creditors over the proceeds of his property, Wagner vs. Newman, 18 La. Ann. 511; Converse vs. Hill, 14 La. Ann. 89. We noted in our opinion on the motion to dismiss, the fact that appellee following the use in such matters had not made defendant party to the rule, which forms the subject matter of this particular controversy. We might dispose of the question under consideration by applying the authority of Miltenberger vs. McGuire, 15 La. Ann. 486, where it was held that a proceeding tried below without the presence, or notification of a particular party, might be similarly disposed of in the appellate court. We believe, however, that the plaintiff proceeded lawfully and in accordance with act 27, extra session of 1877, which directs the taking of a rule or traverse, where the answers are disputed against the garnishee and though not required the defendant to be made party. The reasoning of Wagner vs. Newman, and Converse vs. Hill, as applied to Code of Practice 401 would certainly when applied in this connection support this conclusion.

Upon the merits appellant asks us under act 27 extra session 1877 to ignore plaintiff's rule because not filed within 20 judicial days. We consider this law applicable only to cases where a judgment creditor desires to disprove or traverse the answers filed, and not to one where, as in this, he seems satisfied with the responses made.

The rule in this case was to condemn the garnishee absolutely to pay the amount of the judgment. Under the answer, the decree complained of compels appellant to adjust the loss, within a fixed delay, or in default thereof to pay the claim sued upon. There is no evidence in the record, and this condemnation seems to have been made upon the face of the answers. Parties seeking relief by rule, the same as those asking by petition, are bound by the laws of pleading. They must state their demand clearly, and the prayer must be in accordance with the facts they set up. The court has no more

right in one case, than in the other, to grant relief beyond or different from the pleadings, unless by consent of parties express or implied; and we see no evidence of any such consent in this case. We consider that there is a variance between the pleadings and proof in this case, and the judgment appealed from is reversed, and the rule dismissed, without prejudice to any future, or further proceedings plaintiff and appellee may have the right to institute. Cost of this court to be paid by plaintiff and appellee.