No. 11,222.

CITIZENS BANK OF LOUISIANA VS. W. T. MILLER ET AL.

OPPOSITION OF J. K. OBER ET AL. AND SELLS & CO.

Property mortgaged with the pact *de non alienando* stipulated in the act of mort-gage, and then sold and the vendee mortgages it, and while in his possession as third possessor he puts improvements on it which enhances the value of the property, the second mortgage creditor, the mortgagee of the third pos-sessor, is entitled to the benefit of this enhanced value to satisfy his mort-gage debt.

In a pending suit, where a judgment creditor of the plaintiff seizes all his right, title and interest in the suit, to which seizure no opposition is made, and the suit is prosecuted to final judgment, the seizing creditor is alone interested in it, and the suit is prosecuted for his benefit. He is therefore bound by the decree and can not afterward set up rights adverse to the property in whose favor the decree was rendered.

APPEAL from the Eighth District Court, Parish of Concordia. *Thompson, Judge ad hoc.*

*S. L. Elam* for Appellants.

*J. N. Luce* for Appellees.

The opinion of the court was delivered by

McENERY, J. The Citizens Bank owned a stock mortgage on Point Pleasant plantation in Concordia parish, placed on it by David E. Miller, owner, in 1838. In 1879, O. N. Wilds and A. G. Ober sold this plantation to the Excelsior Planting and Manufacturing Com-pany, which corporation executed a mortgage in favor of the ven-dors. The property went into the possession of the corporation with the bank's mortgage resting upon it. The Citizens Bank foreclosed its mortgage. The Excelsior Planting and Manufacturing Company as third possessors of said property filed a third opposition claiming a portion of the proceeds of the sale of said plantation on account of the enhanced value given to the plantation by the improvements made and put upon said plantation by said corporation.

Sells & Co., while said opposition was pending in the lower court, issued execution on a judgment they held against said corporation and seized "all the right, title and interest that the corporation had in and to the suit styled the Citizens Bank of Louisiana vs. Miller et al., opposition of the Excelsior Planting and Manufacturing Com-

pany, No. 1612, on the docket of the Ninth District Court of Concordia parish, and all the right, title and interest of said Excelsior Planting and Manufacturing Company in and to any judgment that may be declared in their favor in said suit, and all right, title and interest of said company in and to any claim and debt that may be due by the Citizens Bank of New Orleans, La., to said company.''

After this seizure was made the second mortgage creditors of the Excelsior Planting and Manufacturing Company, represented by J. K. Ober et al., intervened by way of opposition, claiming the proceeds of these improvements on account of their mortgage on the Point Pleasant plantation.

On the trial of these oppositions, the District Court rendered a judgment ''in favor of said Excelsior Planting and Manufacturing Company on its third opposition, and enhanced value of lands by reason of improvements in the sum of $1183.33, being two-thirds of the enhanced value of said plantation by reason of said improvements, less $150 and costs of this opposition, and that the mortgage of J. K. and Gustave Ober et al., on such demand for improvements be recognized and the same be paid to such mortgage creditors with the costs of their intervention.''

On appeal to this court this judgment was affirmed. 44 An. 119.

The issues involved in this case are fully discussed and decided in that case.

The Citizens Bank opposed the claim of the second mortgage creditors on several grounds, one of which was that ''a purchaser of property subject to a mortgage containing the pact *de non alienando* stands in the shoes of the original mortgage debtor, and can not, any more than that debtor himself, claim reimbursement on account of improvements made on the property; in other words, that he is not in the eyes of the law a third possessor, and is not therefore entitled to the protection of the Article 3407, Revised Civil Code.''

This court in that case decided that the pact *de non alienando* did not prevent the alienation of the mortgaged property, its effects only being to permit the mortgage creditor to seize the property in the hands of a third possessor by proceedings directed against the original mortgagor without notice to third possessors or other preliminary proceedings required in the ordinary hypothecation, and that a purchaser of property containing this pact was a third possessor within the purview of Article 3407, and entitled to claim compen-

sation for his improvements to the extent they have enhanced the value of the mortgage security. Therefore the Excelsior Planting and Manufacturing Company was held to be a third possessor, entitled to the benefits of the provisions of Article 3407 of the Civil Code.

But as between the Excelsior Planting and Manufacturing Company and J. K. Ober et al., the former was not a third possessor. As to them the company or corporation was the original mortgage debtor, and as such owed Ober et al. the amount due for the enhanced value of the plantation on account of the improvements. There is no argument necessary to show that the mortgagee can not have his debt diminished on account of improvements placed on the mortgaged property. Whatever improvements are placed thereon necessarily fall under the operation of the mortgage, and the mortgage creditor is entitled to the benefit of the enhanced value of the property, and this enhanced value can in no way be separated from the mortgaged property between mortgagor and mortgagee, so as to become what counsel for Sells & Co. denominate an incorporeal right, and therefore incapable of being subjected to the mortgage of Ober et al.

The plantation, with its prospective value from whatever source, was subject to the mortgage of J. K. Ober et al. The proceeds of the sale represent the property in its entirety, and there is no means of separating the enhanced value from it.

There was no reason then why Ober et al. should have made a separate seizure of it to preserve their right upon it, as contended for by counsel for Sells & Co.

There was, after the final determination of the suit of Citizens Bank vs. Miller, and oppositions thereto, no interest of the Planting and Manufacturing Company which Sells & Co.'s seizure *could* affect.

In fact they had no interest in the enhanced value of the place, as the decree had vested this in the opponents, Ober et al., as the immediate mortgage creditor of the original mortgagor, the Excelsior Planting and Manufacturing Company.

The seizure of Sells & Co. fell to the ground under the effects of that decree. The seizure depended upon the contingency of that decree. After the seizure the Excelsior Planting and Manufacturing Company had no interest in the result of the suit, as they made no opposition or defence to the seizure.

If prosecuted by them it was for the benefit of Sells & Co. They were really the parties in interest, and although technically not before the court on the appeal they are concluded and bound by its decree.

They seized the interest of their debtor in a pending suit. It was decided adversely to their debtor. After the decree, on what grounds can they assert a privilege by virtue of their seizure on the thing seized, the ownership of which was at issue in the suit?

This is the position assumed by Sells & Co. in this suit. We can find no possible reason to sustain their pretensions.

The defendants claim damages for arresting the fund in the hands of the sheriff.

Under these proceedings there is no law warranting us in awarding damages.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and the opposition of Sells & Co. to the distribution of the fund in the sheriff's hands be dismissed, and it is further ordered that the opposition of J. K. Ober et al. on said fund be maintained, and the sheriff of Concordia pay to them the amount due them in accordance with the decree heretofore rendered in case of Citizens Bank vs. Miller, Excelsior Planting and Manufacturing Company, Intervenors (No. 11,009), opponents Sells & Co. to pay all costs.