BREAUX, J.
Plaintiffs seek in this action to make an amount subject to their claim for which a judgment had been pronounced in ease of Robert E. Rivers v. Oak Lawn Sugar Company.
In due time, before the suit brought by A. Lehmann & Co. against Robert E. Rivers in the case here was filed, a writ of attachment was issued. This was on the 13th day of February, 1900. It was posted on the same day.
Robert E. Rivers was an absentee. A curator ad hoc was appointed to represent him, and on the 6th day of February, 1900, he was served with citation and copies.
In June, 1900, Rivers was, it is alleged by defendant, adjudged a bankrupt in the United States District Court for the Southern District of New York.
The notice of seizure sets forth that by vir *1082 tue of a writ of attachment the sheriff seized and took into his possession all the rights of defendant, Rivers, in the claim made by him for dividends amounting to $6,006 against the Oak Lawn Sugar Company, Limited, “as per proceedings now pending in the civil district court, which judgment was first rendered in favor of defendant, but on appeal to the Supreme Court was remanded for further proceedings in the civil district court, where same is still pending and undetermined.”
This notice of seizure was signed by the sheriff by whom the service was made. Notice was also served upon his attorneys on February 14, 1900.
The return of one of the deputies shows that the notice was served as before mentioned. The notice was indorsed on the return. The sheriff’s return on the writ of attachment states that the notices of seizure are annexed, that the property has been seized, that notices have been posted as required. He chose to add that, “Nothing came into my hands or under my control.”
Robert E. Rivers, through his counsel, appeared in the court, and filed an answer setting up a general denial.
On the 6th day of June, 1900, the district court pronounced judgment in favor of plaintiffs for the sum of $3,299.38, with legal interest from February 13, 1900, subject to a credit of $202.50, maintaining the attachment, and recognizing plaintiff’s lien and privilege on the property attached.
This judgment was signed on the 12th of June.
A garnishment process subsequently issued, and interrogatories were propounded to the Oak Lawn Sugar Company, Limited.
In July, 1901, plaintiffs, through counsel, sued out a rule upon the parties defendant to show cause why the amount before mentioned should not be paid by the Oak Lawn Sugar Company, Limited. The rule was made absolute. From the judgment making the rule absolute, defendant prosecutes this appeal.
We should have mentioned before in our statement of the facts that defendant urges that plaintiffs acquired no lien or privilege four months before the judgment adjudicating Rivers a bankrupt in New York, and that this contention is in part based upon the fact that the sheriff made the following return, which is indorsed upon the writ of attachment on 13th February:
“And on the same day seized the within-described property, as will more fully appear by reference to notice of seizure and return thereon, annexed to writ, and made part thereof. From such seizure nothing came-into my hands or under my control.”
The act of Congress of July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], invoked by defendant, provides that attachment or other means obtained through legal proceedings against a person who is interested, at any time within four months prior to the filing of a petition in bankruptcy against him shall be null and void in case he is adjudged a bankrupt, and the property affected shall be deemed wholly discharged and released from the attachment, and lien-shall pass to the trustees as part of the estate of the bankrupt, unless the court shall, on due notice, order that the right shall be-preserved for the estate.
The attachment was issued and service-made prior to the four months, but defendant’s contention is that it was not valid;, that, the adjudication in bankruptcy being, entered as he asserts before the writ of fieri facias reached the sheriff, no lien whatever arose.
From this it may be fairly implied from defendant’s point of view that a seizure-can be made only by service of interrogatories on all parties concerned.
This has not always been the view taken by this court. It has been decided that there are incorporeal things which may be attached by giving notice to the keeper of the right. Mr. Cross, in his work on Pleadings, p. 330, says that “the confusion of' fundamental principles is carried to absurd results by the ruling that incorporeal rights in suit may be seized by garnishing the clerk.” Ealer v. McAllister, 14 La. Ann. 824; Estate of Mille v. Hebert, 19 La. Ann. 58.
“The garnishee process is mere idle formality, unless it can terminate in a judgment against the garnishee, and without some method of making the garnishee liable the seizure would be futile and valueless.”
The clerk is the custodian to whom it' would be useless to address garnishment process, and to propose interrogatories.
In Nugent v. McCaffrey, 33 La. Ann. 273, *1084 the objection was that a seizure cannot be made in the hands of the “clerk of court, especially by mere notice. It would have to be made in the hands of the debtor.”
The court, in answer to this objection, said:
“(2) We find no difficulty as to the manner in which the seizure was made. A tangible taking into possession by the sheriff of the right, title, and interest of Miss Nugent in the suit was a physical impossibility, because it was incorporeal. Notice to the clerk of the court in which the suit was pending, to the defendant in the suit, and to the plaintiff therein was proper, and constituted a valid and sufficient seizure.”
Here it is true that the notice was served on the debtor o'f the right, which seems to be the safe and proper practice.
In Harris v. Bank of Mobile, 5 La. Ann. 538, the court held that an instrument evidencing the debt or right not negotiable may be seized by notice to the cashier of a bank who had it in his possession and control.
To defendant’s complaint that plaintiffs must have understood that nothing was seized or attached, as made plain by their conduct in filing their supplemental petition of .June 19, 1901, wherein they made the Oak Lawn Sugar Company garnishee, and propounded interrogatories, we can only say in answer that, if plaintiffs had acquired a right as evidence by the judgment of the court, recognizing the attachment and lien, it was not made to terminate by the garnishment process.
With reference to the statement of the sheriff in his return on the writ of attachment, we may as well say here that the ex industria declaration of the sheriff that nothing came into his hands as sheriff cannot prejudice plaintiffs’ rights.
He had legal possession and control through the clerk, who was the custodian, and his •contradictory statement cannot have the effect of defeating the purpose of the notice which had been given.
While we think that in seizure of a right in suit notice should be served upon the debtor of the right, as well as upon the custodian, we do not think that we should hold that the lien recognized, as before mentioned, is lost because there ,‘,'as delay in notifying the debtor, when there was none in notifying the custodian.
In Citizens’ Bank v. Miller, 45 La. Ann. 493, 12 South. 516, this court said:
“In a pending suit, where a judgment creditor of the plaintiff seizes all his rights, title, and interest in the suit, to which seizure no opposition is made, and the suit is prosecuted to final judgment, the seizing creditor is alone interested in it, and the suit is prosecuted for his benefit. He is therefore bound by the decree, and cannot afterward set up rights adverse to the party in whose favor the decree was rendered.”
At any rate, it does not seem to us that the debtor of the right has any interest in having the date of the attachment changed, so as to defeat the lien claimed by plaintiffs.
The question is not free from difficulty, owing to the different views expressed upon the subject. Nonetheless, we do not think we should overlook the fact that Rivers himself accepted the jurisdiction of the court by his answer, and that he did not raise the objection now urged to the judgment recognizing plaintiff’s lien.
The syllabus in Mutual National Bank v. John T. Moore, Jr., 50 La. Ann. 1332, 24 South. 304, lays down the rule of law approved by the decision.
A personal judgment which has been pronounced in a chancery court of the state of Alabama against a nonresident of that state upon personal appearance therein filed was recognized and enforced as a valid decree in personam against him; a fortiori a judgment pronounced in a Louisiana court upon the appearance of a defendant here will be recognized and enforced as a valid and jurisdictional decree.
Moreover, upon another issue (relating to evidence) it appears that the documents offered to prove the surrender in bankruptcy are not authenticated as required by the act of Congress of 1790 (Act May 26, 1790, c. 11, 1 Stat. 122), relating to the required attestation of the judge and clerk.
An instrument from another state, not authenticated according to the act of Congress, is not admissible in evidence. The documents admitted, to which objection was made and reserved by bill of exception, are in consequence not proof. They do not bear attestation of the clerk as to the fact, nor attestation of the presiding judge that the attestation is in due form.
Eor the reason of the law and the evidence *1086 being in favor of plaintiffs, the judgment is affirmed.