(102 So. 306)

No. 26701.

## WHITNEY CENT. TRUST & SAVINGS BANK v. NORTON (HAGGERTY, Garnishee).

### In re HAGGERTY.

(Nov. 3, 1924. Rehearing Denied Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Garnishment** ⚖123 — **Garnisheed clerk of court could not assert property illegally taken from prisoner.**

Clerk of criminal court, garnisheed as to property taken from prisoner, could not assert that property was illegally taken from prisoner as defense to rule against him after his surrender of money to prisoner especially where answer alleged it was held under Rev. St. § 1015.

2. **Judgment** ⚖705—**Judgment denying rule to set aside garnishment held to preclude garnishee to set up that property was illegally taken from prisoner.**

Clerk of criminal court, garnishee, as to property taken from prisoner, *held* precluded by judgment of civil district court refusing to dissolve attachment and set aside garnishment on motion of the prisoner from setting up that property was illegally taken from criminal, on rule to show cause why judgment should not be rendered against him.

3. **Judgment** ⚖17(11) — **Personal judgment authorized on personal service on nonresident defendant, who appeared by counsel.**

Civil district court, vested with jurisdiction of suit against nonresident, in which attachment was issued, and securing personal service against him, he having appeared by counsel and answered, had authority to render personal judgment.

4. **Garnishment** ⚖10—**Party suing nonresident had right to attachment accompanied by garnishment.**

Although nonresident defendant was prisoner within jurisdiction, plaintiff had absolute right to writ of attachment accompanied by garnishment.

5. **Garnishment** ⚖59—**Clerk of criminal district court not immune from orders and process of civil district court relating to property in his possession as officer.**

Under Code Prac. art. 241, relating to rights of creditor to seize property belonging to debtor, clerk of criminal district court was not immune from orders and process of civil district court relating to garnishment of property found in his possession as officer.

6. **Garnishment** ⚖101—**Right of debtor in suit may be seized by serving notice on clerk of court and on plaintiff as well as on defendant.**

Seizure may be made of right of debtor in suit by serving notice on clerk of court and on plaintiff in suit as well as on defendant.

7. **Garnishment** ⚖59 — **Money garnisheed in hands of clerk of criminal district court, when not needed by that court as evidence, subject to orders of civil district court.**

Money lawfully in possession of clerk of criminal district court was subject to attachment and garnishment by civil district court, and when no longer needed as evidence, became subject to orders of civil district court.

8. **Judgment** ⚖15—**Judgment of criminal district court ordering money garnisheed in hands of its clerk to be returned to prisoner, held not to protect garnishee.**

Order of criminal district court to its clerk to turn over money garnisheed in his hands to prisoner from whom taken was null and void, and did not bind seizing creditor nor protect garnishee.

Action by Whitney Central Trust & Savings Bank against P. C. Norton, in which Edward A. Haggerty was garnishee. On application of garnishee for certiorari or writ of error to review judgment of Court of Appeal, affirming judgment making rule absolute against garnishee to pay judgment. Affirmed.

Robert H. Marr, of New Orleans, for Haggerty.

Eugene J. McGivney, of New Orleans, for Whitney Cent. Trust & Savings Bank.

THOMPSON, J. One P. C. Norton, alias J. A. Milligan, transiently in this city, deposited with the plaintiff bank, receiving credit therefor, an exchange for $3,000, payable to his own order, purporting to be signed by J. D. Henglebrook, cashier of the Newport National Bank of Newport, Ky., and drawn on the Chatham & Phœnix Bank of New York. Norton was allowed to draw in cash against the deposit the sum of $500. On the same day, and presumably immediately following the above transaction, Norton put over a similar act, no less criminal but slightly less advantageous to him, on the Marine Bank & Trust Co.

The two banks being advised that the deposited checks were forgeries and that Norton was a fugitive from justice, caused him to be arrested by the police authorities of this city, the arrest being accomplished as Norton was about to decamp the city. Two suit cases and $790 in paper money were taken from Norton by the officers. The money was in bills of large denominations, corresponding with the money received by Norton from the banks, and was no doubt the fruits of the forgery and fraud perpetrated on the banks. The suit cases and the money were turned over to the clerk of the criminal district court to be held by him to be used in case it became necessary as evidence against Norton.

On the evening of the day on which the arrest was made, the plaintiff sued Norton for the $500 and caused an attachment to be issued on the allegation that Norton was a nonresident of the state. Personal service was made on the defendant and likewise on Haggerty, clerk of the criminal district court, who was made a party to the suit as garnishee. The latter answered the suit and interrogatories that he held in his possession and under his control $790 taken and received from Patrick C. Norton, who had been arrested for forgery and as being a fugitive from justice.

In further answer the garnishee alleged that the said money was held by him in his capacity as clerk of the criminal district court under the requirement of the law and especially by authority of section 1015 of the Revised Statutes, as evidence in the said criminal prosecutions against Norton, and was subject to the orders of the said criminal district court.

Norton appeared by counsel in the civil district court and filed an exception of no cause of action and later took a rule on the plaintiff to show cause why the writ of attachment and the garnishment should not be quashed and set aside, for the reason: (1) That the civil district court was without jurisdiction; (2) that the money attached was held by the clerk of the criminal district court, subject to the orders of said court, which alone had jurisdiction; (3) that said money was illegally taken from the person of defendant by the police officers and was not in any manner connected with any offense charged against defendant; (4) that the said money having been taken from defendant by color of authority of the police at the time of his arrest, in consequence of certain alleged criminal charges, was in the actual as well as constructive custody of the criminal district court and the civil district court was without any jurisdiction to exercise any control whatsoever over the said money. The rule was made returnable on November 14, 1921, and on the 30th of that month judgment was rendered dismissing the rule, "without prejudice to the right of the clerk of the criminal district court to retain

the money attached until the final disposition of the criminal proceedings against Norton, at which time, upon proper order, the clerk of said court will deliver the money in controversy to the civil sheriff to await the final disposition of this case."

Thereafter, on December 5, the defendant filed an answer to the original suit of the bank, merely denying the allegations of the petition, and on January 20, 1922, judgment was rendered in favor of the bank and against Norton for $500, maintaining the attachment and recognizing the privilege resulting therefrom on the money seized, and ordering the same paid over to the plaintiff in preference to all persons making claim thereto.

This judgment was signed on January 26. Prior to the rendition of this judgment Norton had been convicted in the criminal district court, and through the same counsel who appeared for him in the civil district court had obtained an ex parte order from the criminal district court directing the clerk of said court to deliver the money to Norton.

It is worthy of note that the above-mentioned order was rendered and signed on the same day that the motion to dissolve the attachment and set aside the garnishment had been refused Norton in the civil district court.

Although the action of the criminal district court was ex parte and without any notice to the seizing creditor, the garnishee immediately paid the money over to the attorney for Norton, in utter disregard of the seizure of the money under the attachment proceedings and in defiance of the process of the civil district court.

Thereafter the bank took a rule on the garnishee to show cause why judgment should not be rendered against him for the amount of the judgment of the bank. In answer to this rule the garnishee merely set up that he had been ordered to deliver the money to the defendant Norton by the judge of the criminal district court, and that he had complied with said order by delivering the said money to the attorney representing said Norton.

This rule, after hearing of the attorney for the bank and for the garnishee and after a regular trial, was made absolute, and the garnishee was ordered to turn over to the civil sheriff, out of the funds attached in his hands, a sufficient amount to satisfy the plaintiff's judgment. An appeal was prosecuted by the garnishee alone to the Court of Appeal, and in that court the judgment was affirmed. The latter judgment is before us for review.

### Opinion.

From the foregoing recital of the pleadings and proceedings had in the several courts below, it is apparent that the only question we are called upon to consider is, whether the garnishee can claim protection under the order issued by the criminal district court and directing him to pay the money over to the defendant. And this naturally involves the question of the asserted conflict of jurisdiction between the civil and criminal district courts.

Much of the argument—in fact we might say that all the argument—of learned counsel for the garnishee is directed against the right of the police officers to take the money from the possession of the prisoner at the time of his arrest, in consequence of which it is said that the money was never in the lawful possession of the court, but remained (fictively) in the possession of defendant and could not be reached by the process of the civil district court.

[1, 2] The position is not sound for several reasons. Assuming that the constitutional rights of Norton were invaded and gross-

ly violated (a fact we do not admit), and that the money was taken from him illegally and by an officer who had no authority to do so, Norton is the only one who could complain, and he is not now before the court complaining. That question does not concern the garnishee in the least. He is a mere stakeholder of the money and cannot champion the rights of Norton. The clerk accepted the deposit of the money in his capacity as clerk to be used in the criminal prosecution and in his answer to the garnishment proceedings, judicially declared that he held the fund under and by virtue of the law. He could not be permitted to shift his position to the detriment of the seizing creditor and be heard, after the money was no longer needed as evidence, in order to shield himself from responsibility for paying the money over to Norton, to say that the money had come into his possession illegally and in violation of law. But even more than this. The question was foreclosed by judgment of the civil district court on the rule taken by Norton to dissolve the attachment and to set aside the garnishment.

In that proceeding Norton expressly put at issue the right of the bank to seize the fund in the hands of the garnishee for the reason that the money had been unlawfully taken from him, and was met with an adverse ruling. From that judgment no appeal was taken, and it has become final.

Norton, if he was a party to the present proceeding, could not be heard again to raise the question, and certainly the garnishee can have no greater rights. He cannot substitute himself for the defendant and be heard on matters purely personal to the defendant, and in which the defendant has acquiesced and of which he no longer complains. The matter had passed out as an issue in the case when the garnishee was called on to pay the judgment against Norton in favor of the bank.

[3, 4] The civil district court was vested with jurisdiction in the suit against Norton. Having secured personal service on the defendant, and he having appeared through counsel and answered, the court had the authority to render a personal judgment against him. And Norton being a nonresident, the plaintiff had the absolute right to a writ of attachment accompanied by the process of garnishment.

[5] The learned counsel for the garnishee have cited to us no law, and we know of none that makes the clerk of the criminal district court of Orleans parish immune from the orders and process of the civil district court in matters relating to property which may be found in his possession as an officer.

Article 241, Code of Practice, declares that a creditor may obtain a mandate of seizure against all species of property belonging to his debtor, real or personal, whether it consists of credits or rights of action, and whether such property be in the debtor's possession or that of third persons, by whatever title the same be held, either as deposit or placed under their custody. Under this codal provision the courts have held that valid attachment may be made of a draft filed in a suit in the hands of the clerk of court. Ealer v. McAllister, 14 La. Ann. 821; Mille's Estate v. Hebert, 19 La. Ann. 58.

[6] And a seizure may be made of a right of the debtor in a suit by serving notice on the clerk of court, and on the plaintiff in the suit as well as upon the defendant. Lehmann v. Rivers, 110 La. 1079, 35 So. 296.

In view of the provisions of the Code of Practice and the authorities cited, it is a mistake to say that in no case can property in the possession of one court be reached and seized by process from another court, and that in no case can property in the custody of the officers of one court be seized under process from another court.

[7, 8] The money in the hands of the gar-

'nishee being held by him (lawfully as we have seen in so far as he can be heard to say), was undoubtedly subject to the process of the civil district court, and that court alone had the authority to determine the respective rights to the money as between the bank and the defendant Norton, after the money was no longer needed as evidence in the criminal prosecutions in the criminal district court. The possession of the clerk was, of course, subject to the orders of the criminal district court so long as the money was needed as evidence of Norton's crimes.

As was said in Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A. L. R. 955:

"A criminal court actually in the exercise of its constitutional jurisdiction cannot be ousted thereof by an order of a civil court possessing no supervisory control over it."

But the money having been lawfully seized under the attachment and garnishment, the moment the money was no longer needed by the criminal district court it became subject to the orders of the civil district court, and thereafter the garnishee was answerable only to the civil district court.

Certainly the criminal district court was without jurisdiction to determine the question of the validity of the seizure by the civil district court, and its judgment ordering the funds turned over to Norton was null and void and not binding on the seizing creditor. When the garnishee, acting under said judgment, paid the money over, he did so at his peril.

This view of the case renders it unnecessary to consider the various other questions discussed by counsel for the garnishee.

It is therefore ordered that the judgment of the Court of Appeal and that of the district court be and the same are hereby affirmed, at the applicant's costs.

ROGERS, J., takes no part.