(116 So. 496)

No. 29156.

## BYRNES et al. v. RICHARDSON.

## In re JUDGES OF COURT OF APPEAL, FIRST CIRCUIT.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬯1221—Property held as evidence cannot be taken from criminal court's custody without its consent so long as it is needed as evidence.**

Money or property actually held as evidence in criminal court cannot be taken from court's custody without its consent and as long as it is needed as evidence in the criminal proceedings.

2. **Action ⬯18—Courts ⬯224(9)—Controversy over right to money held as evidence in criminal proceeding is "civil action," from which appeal lies to Court of Appeal, if jurisdictional amount is involved (Const. 1921, art. 7, § 29).**

When criminal proceeding in which money has been held as evidence terminates, and controversy arises over right to such money, a "civil action" arises which is to be decided in court having competent civil jurisdiction, and appeal lies in such action as in other civil cases, and hence, where amount involved is within jurisdiction of Court of Appeal, under Const. 1921, art. 7, § 29, appeal lies to that court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Action—Case—Suit, etc.]

Proceeding by rule by Martin J. Byrnes and another against H. C. Richardson. Rule was dismissed, and plaintiffs appealed to the Court of Appeal, First Circuit, which court certified questions to the Supreme Court. Questions answered.

Brock & Carter, of Franklinton, for appellant.

C. S. Frederick, of Covington, for appellee.

ST. PAUL, J. The judges of the Court of Appeal, First circuit, have certified to us the following question:

I.

"This is a proceeding by rule to compel defendant, sheriff of the parish of Washington, to turn over to Byrnes and Phipps, plaintiffs in rule, the sum of $490.50. No objection, however, is made to the proceeding by rule.

"The admitted and conceded facts are that the sheriff of Washington parish raided a gambling establishment, owned and managed by the two plaintiffs, and seized and took possession of all the paraphernalia in said gambling establishment. Among the articles seized and taken by the sheriff was $490.50 in money. The plaintiffs were arrested, prosecuted and convicted under section 2 of Act 12, p. 38, of Extra Session of 1870, and were each fined in the sum of $1,000. It is admitted that the sentence imposed on plaintiffs was silent as to the money and property seized and taken into possession by the sheriff.

"The rule was tried by the district court sitting in and for the parish of Washington, was dismissed, and plaintiffs' demand refused. The plaintiffs then took the present appeal to this court.

"Plaintiffs contend that, having complied with the judgment and sentence of the district court in the criminal proceeding against them, the said judgment and sentence not having decreed the forfeiture of their property and money, the sheriff has no right to detain and withhold their said money, viz. $490.50.

"It thus appears that the case involves the interpretation of a criminal statute and the proper manner of proceeding in its enforcement. The members of this court are in serious doubt as to its right to take cognizance of the case. No precedent has been cited, nor do we find any.

"We therefore certify to the honorable Supreme Court of this state the question as to whether we have jurisdiction over this matter."

## II.

As the amount involved is within the jurisdiction of the Court of Appeal, it is clear that the only doubt which can arise as to its jurisdiction is over the question whether the rule taken in the district court partakes of the nature of a "criminal" proceeding, in which case the Court of Appeal would have no jurisdiction, or of a "civil" proceeding, in which case it would have jurisdiction. Const. 1921, art. 7, § 29, p. 46.

## III.

[1] It is also clear that money or property actually held as evidence in a criminal court cannot be taken from the custody of such court without its consent, and as long as said money or property is needed as evidence in said criminal proceeding.

[2] But, when said proceedings have terminated, and a controversy arises over the right to such property or money, then a "civil" action arises, which is to be decided in a court having competent "civil" jurisdiction. Whitney-Central Trust & Savings Bank v. Norton, 157 La. 199, 102 So. 306. Cf. Armbruster v. Behan, 3 Orleans App. 184. And of course, an appeal lies in such actions as in other civil cases.

## Answer.

Our answer to the Court of Appeal is that it has jurisdiction of the appeal taken from the district court's ruling.