SCHOTT, Chief Judge.
Appellant, Edward S. Rapier, Jr., is a judgment creditor of Ronald Harris. In execution of the judgment appellant served garnishment interrogatories on appellee, Clarence Messer, Harris’s father-in-law. Appellee answered the interrogatories denying he was in possession of any property of Harris but specifically claiming to be the owner of a Rolex watch which formerly belonged to Harris. In his answer, he also asserted that if he was not the owner of the watch he had a privilege on it. Appellant filed a rule to traverse the answers of appellee alleging that the watch in appel-lee’s hands was the property of Harris. After a trial the court below dismissed appellant’s rule and he has appealed.
In garnishment proceedings, a judgment creditor after issuance of a writ of fieri facias may cause a garnishee to declare under oath what property he has in his possession belonging to the judgment debt- or. C.C.P. art. 2411. After the garnishee files his answer, the creditor may file a contradictory motion traversing the answer. Art. 2414. When, on trial of the contradictory motion, it is found that the garnishee has in his possession property belonging to the debtor the court shall order the garnishee to deliver the property immediately to the sheriff. Art. 2415.
In the present case, appellee has conceded that the watch he has in his possession is the property of Harris. Consequently, the judgment of the trial court is wrong and must be reversed by this court. Furthermore, pursuant to Art. 2415, this court shall order appellee to deliver the watch to the sheriff.
Appellee claims a privilege on the watch by virtue of a subrogation to the rights of a pawn broker from whom he redeemed the watch. The validity of this alleged privilege, its ranking relative to the privilege of appellant as the seizing creditor, and its enforceability are not properly before us. The judgment on appeal simply dismissed appellant’s rule to traverse. The district court did not hear a dispute over the ranking of privileges claimed by the parties. In order for appellee to assert his privilege, he *302 must avail himself of applicable provisions of the law.
Accordingly, the judgment appealed from is reversed and set aside; appellant’s motion to traverse appellee’s answers to the garnishment interrogatories is granted; ap-pellee is deemed to be in possession of a 1970 Rolex watch which is the property of Ronald J. Harris; and appellee is ordered to deliver the watch immediately to the sheriff, reserving to appellee the right to assert his claimed privilege over the watch in appropriate proceedings. All costs of these proceedings are taxed against appel-lee.
REVERSED AND RENDERED.