## FEATHERSTON'H *v.* COMPTON.

The proceedings authorized by sec. 13 of the stat. of 20 March, 1830, which provides that
where a plaintiff has applied for a *fi. fa.*, and has reason to believe that a third person has
property, or effects, in his possession, or under his control, belonging to the defendant, or is
indebted to him, he may cause such third person to be cited to answer under oath interroga-
tories touching said property or debt, may be resorted to in all cases where a *fi fa.* has
been issued ; and as a *fi. fa.* may issue from the court of the parish in which the judgment
was rendered to any other in the State where the debtor has property (C. P. 642), the
right of propounding interrogatories to third persons is accessory to and accompanies the
writ to the parish in which it is to be executed, giving to the court of that parish jurisdic-
tion over the proceedings against such third person under the *fi. fa.*

A garnishee, or third person, to whom interrogatories are propounded under a *fi. fa.* under
the statutes of 20 March, 1839, sec. 13, and 18 March, 1840, cannot interfere in the contro-
versy between the original parties, nor plead other defences than those necessary to pro-
tect himself.   He will be protected by the judgment of the court against him, as no seizure
in his hands can be made under the execution without notice to the defendant, who must,
after notice, oppose the seizure, or lose all recourse against the garnishee for the payment
made by him under the order of a competent court.   But a judgment and *fi. fa.* are neces-
sary to support the proceedings against such garnishee or third person, and they may
require proof of their existence as a pre-requisite to any judgment against them.

APPEAL from the First District Court of New Orleans, *McHenry*, J.
Redmond, for the appellant.  *Stockton* and *Steele*, for the defendant.
The judgment of the court was pronounced by

KING, J.   The plaintiff presented to the judge of the First District Court of
New Orleans a petition, in which he alleged that, he had obtained a judgment
against the defendant, *Compton*, in the parish of Concordia, and that he had
caused a *fieri facias* to be issued thereon, directed to the sheriff of the parish
of Orleans, in virtue of which a seizure had been made in the hands of *W. G.
Kendall*, and he prayed that process of garnishment be issued against *Kendall*,
and that the latter be required to answer the interrogatories annexed to the
petition.  *Kendall's* answer, it is contended, disclosed an indebtedness to the
defendant.  He, however, filed a plea to the jurisdiction of the court, on the
ground that no other tribunal than that which rendered the judgment against
the defendant could take cognizance of the proceedings in garnishment author-
ized by the act of 1839 ; and further denied that, the alleged judgment had
been rendered against the defendant.   The judge considered that the plaintiff's

proofs were defective, no evidence having been adduced that a *fi. fa.* had actually been issued, and that the plea to the jurisdiction was well founded. The proceeding was dismissed, and the plaintiff has appealed.

The acts of 20 March, 1839, and 18 March, 1840, (B. & C's Dig. 458, 459,) authorize a plaintiff who has applied for a *fieri facias* against the defendant, to cause any third person whom he has reason to believe has effects of the defendant's in his hands, or to be indebted to the latter, to be cited, and to require him to answer interrogatories touching his indebtedness. This process may be resorted to in all cases in which writs of *fieri facias* issue. It is well settled that a *fieri facias* may issue from the parish in which the judgment was rendered, to any other in the State in which the debtor has property. C. P. art 642. 3 La. 475. The right of calling on third persons to disclose what property or effects of the debtor they hold in their hands, is an accessory to the writ; and, there being no limitation in the acts, necessarily accompanies it to the parish in which it is to be executed, giving to the court of that parish jurisdiction of the proceeding in garnishment, when resorted to.

It is true that the garnishee is regarded as a stakeholder, and cannot interfere in the controversy between the original parties, or plead other defences than those which are necessary to protect and prevent an improper decision as far as relates to his own interests. 14 La. 514. 10 Mart. 568. In such cases he will be fully protected by the judgment of the court against him, as no seizure in his hands can be made under the execution without notice to the defendant; and the latter, upon receiving such notice, must oppose the seizure, or lose all recourse against the garnishee for the payment made by him in obedience to the mandate of a competent court, however erroneous the judgment under which the writ issued may have been. But a judgment and a *fieri facias* thereon are necessary to support the proceeding in garnishment. They form the foundation of the plaintiff's right to resort to that remedy, and the garnishee may require that their existence be proved as a pre-requisite to a judgment against him. No proof either of the judgment or of the *fieri facias* was adduced on the trial, although the existence of the former was expressly put at issue by the pleadings. We think that the district judge erred in his view of the question of jurisdiction, but correctly considered that the evidence before him did not authorize a judgment against the garnishee. The proceeding was, in our opinion, properly dismissed, without prejudice to any rights which the plaintiff had acquired by his seizure. The judgment has only the effect of a non-suit, and is no bar to the plaintiff's renewing the proceeding, if his interests should require it.

*Judgment affirmed.*