LOTTINGER, Judge.
Petitioner, Manuel Motor Co., Inc., obtained judgment against James Graham on September 30, 1952, in the sum of $174.21, plus interest, attorney’s fees and court costs. On May 26, 1953, petitioner filed a supplemental petition in garnishment, alleging that defendant Graham was employed on a salary basis by Guy A. Thompson, Trustee and/or Receiver of the Missouri-Pacific Railroad Company and also of the New Orleans, Texas and Mexico Railway Company, who was described as “Trustee for a foreign corporation authorized to.do and doing business in Louisiana, with registered agents for service of process” also appointed and domiciled in Louisiana. The petition was met by exceptions to the citation, process and jurisdiction of the person, by reason of the garnishment proceeding having been brought in the District Court for Evangeline Parish, whereas the said Receiver had appointed agents for service of process in the Parish of Orleans. The lower court maintained the exception of jurisdiction and dismissed the garnishment proceeding. Petitioner has taken this appeal.
It is stipulated and admitted by the parties, that Guy A. Thompson, a resident of Missouri, is the duly appointed and qualified trustee in bankruptcy of the New Orleans, Texas ánd Mexico Railway Company, which company has been in bankruptcy for some years and at all times prior to the time involved in these proceedings. It is further stipulated and admitted that in his capacity as trustee, Guy A. Thompson appointed as his agents for service of process in the State of Louisiana, Mr. *65 George C. Stohlman and Miss Margaret A. Cox, 704 Union Building, New Orleans, Louisiana, both of whom are domiciled in Orleans Parish and that service was made upon Guy A. Thompson in his capacity as trustee by service upon said agents in the Parish of Orleans.
The sole question for decision by this court, therefore, is whether the Evangeline District Court was a proper venue in garnishment against a foreign trustee of a defunct corporation, based upon this trustee’s maintaining an office at Basile, Evangeline Parish, which employed the judgment debt- or whose wages were sought to be garnished
In Alter v. Pickett, 24 La.Ann. 513, the court said:
“Since the act of nineteenth of March, 1861, amending Article 162 of the Code of Practice, every one residing in this State “must be sued before his own judge — that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law.”
“But it is contended that this case comes within one of the exceptions created by law; that article 246 of the Code of Practice -expressly declares that a creditor may make a garnisher a party to the suit ■ against the debtor; and the attempt is made to deduce the conclusion that the debtor of the original judgment debtor, although residing in a different parish, may be cited as garnishee, and thus subjected to the jurisdiction of the court which rendered the original judgment. But this is a non sequitur. The debtor may be cited in garnishment', but where ? Article 642 C.P. requires the writ of fieri facias “to be directed to the parish'in which the property of the debtor is situated, and it orders him to seize the property, real and personal, rights and credits of the debtor, and to sell them to satisfy the judgment obtained against him'.”
“ ‘Rights and, credits’ can be seized under .fieri facias generally only .by the auxiliary process of. garnishment, and as.article 642 requires this seizure to be made by the sheriff of the parish in which the effects to. be seized are, it would seem that the , garnishment. process should be issued by a court of the samé parish.” .
The court held similarly in the case Harrisson v. Carondelet St. & C. C. R. Co., 28 La.Ann. 881.
In Marqueze & Co. v. Le Blanc, 29 La.Ann. 194, the court held that a party domiciled outside of the jurisdiction of a court may be made a garnishee, under a writ of attachment, but not under a writ of fieri facias issued by that court, because of the provisions of Article 642 of the Code of Practice which states “the seizure of rights and effects can be made but in the parish where they are held”. See also Featherston’h v. Compton, 3 La.Ann. 380.
There is no question but-that the domicile of the garnishee, in this proceeding, was in the Parish of Orleans, where his designated agents resided. The writ of fi. fa. should have been directed to the Sheriff of said parish, and the garnishment proceeding should have been taken in the courts ,of that parish.
The mere fact that the garnishee maintained an office at Basile, Evangeline Parish, would not give the court of that parish jurisdiction in a garnishment proceeding. It is not alleged what type of office was maintained by garnishee in Basile, and we assume that it was merely a country railroad station.
Petitioner cites LSA-Revised Statutes 13 :3234 and 13:3235 in support of its contention that the Courts of Evangeline Parish have jurisdiction over this matter, based upon the proposition that his cause of action against the garnishee arose in Evangeline Parish. The petitioner in a *66 garnishment proceeding does, not have a “cause of action” against the garnishee. The garnishee is merely a third party who is required to answer certain questions, propounded to him relative to property of the defendant which might he under his control. He has no other interest in the outcome of the proceeding. We do not believe that the said sections of the LSA-Revised Statutes are pertinent here.
For the reasons assigned, the judgment of the lower court is affirmed.
Judgment affirmed.